PETER SMITH, PLAINTIFF IN ERROR, VS. THE STATE OF
    FLORIDA, DEFENDANT IN ERROR.

Under Section 2364, Revised Statutes, where a mortal wound is
    inflicted in one county within this State, from which the
    party stricken dies in another county in this State, the perpe-
    trator of the homicide may be indicted, tried and punished in
    either county; and the statute as applied to such cases is not
    in conflict with section 11, Declaration of Rights, Constitution
    of 1885.

Writ of Error to the Circuit Court for Leon Coun-
ty.

The facts in the case are stated in the opinion of
the Court.

E. M. Hopkins and W. C. Hodges, for Plaintiff in
Error.

The Attorney General, for Defendant in Error.

CARTER, J.

At the Spring term, 1900, of the Circuit Court of
Leon county, plaintiff in error was indicted, tried and
convicted for the crime of murder in the first degree,
and from the death sentence imposed sued out this writ
of error. The indictment alleges and the proof shows
that the mortal wound was inflicted in the county of
Wakulla, in this State, and that on the following day,
the deceased died of said wound in the county of Leon,
in this state.
    The first and fourth assignments of error are not

referred to in the brief for plaintiff in error. Under our practice they must be regarded as abandoned.

There is nothing in the transcript of the record to show that the court permitted the States Attorney to narrate the State's testimony before the witnesses had testified to the facts, as contended in the second assignment of error. This assignment can not therefore be considered by us.

The remaining assignments, the third and fifth, are as follows: 3rd. The court erred in sustaining an indictment found in Leon county for an offence alleged to have been committed in Wakulla county, though the death occurred in Leon county.

5th. Section 2364 Revised Statutes of Florida, under which the indictment was drawn, is unconstitutional.

Section 2364 Revised Statutes, which was compiled from section 25, act approved November 19, 1828, reads as follows. "In all cases where an indictable offence shall be perpetrated in this State, and the same shall commence in any one county and terminate in another, the offender shall be liable to indictment in either county." It is not denied by plaintiff in error that if the statute quoted is valid, the conviction in this case ought to be sustained, but it is contended that the statute violates that part of section 11, Declaration of Rights, Constitution of 1885, which provides that "in all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury, in the county where the crime was committed." We hold that as applied to cases like the one we are now considering, *viz*: homicides where the mortal wound is inflicted in one county in this State, and the death from such wound occurs in another coun-

ty in this State, the statute is free from the constitutional objection urged, and authorizes indictment, trial and punishment of the perpetrator of the homicide in either of said counties. State v. Pauley, 12 Wis. 537; Commonwealth v. Parker, 2 Pick. 549. See, also, Archer v. State, 106 Ind. 426, 7 N. E. Rep. 225; Hauk v. State, 148 Ind. 238, 46 N. E. Rep. 127.

The judgment of the Circuit Court is affirmed.