GILL THOMAS, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendaant in Error.*

Division A.

Opinion filed July 16, 1928.

*Johnston, Akerman & Akerman* and *Palmer, Dickenson, Shurley & Lake,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—Gill Thomas was convicted of the murder of Charles Ed Willie. The indictment charged murder in the first degree, the conviction was of murder in the second degree. The crime was committed Sunday night, the 27th of March, 1927, in St. Cloud.

The evidence is sufficient to support the verdict rendered.

It is contended by counsel for the plaintiff in error that there was a fatal variance between the allegation and proof in that the indictment alleges that the crime was committed in Osceola County while the evidence is undisputed that although the shooting of the deceased occured in Osceola County he died several hours afterward in Orange County. The point is presented in several ways. There is no merit in it.

An averment as to the place where the deceased died is not necessary in an indictment for murder. In cases of homicide where the mortal wound is inflicted in one county in the State and the death from such wound occurs in another county in this State the perpetrator may be indicted, tried and convicted in either of said counties. See Robinson v. State, 42 Fla. 212, 24 So. R. 427; Sec. 5019 Rev. Gen. Stats. 1920; Smith v. Smith, 42 Fla. 605, 28 So. R. 758.

There was a motion for a continuance upon the ground of newly discovered evidence. The circumstances of the homicide were as follows. The deceased with an acquaintance was riding in an automobile owned by the former at about nine-thirty o'clock in the City of St. Cloud. They passed the defendant and his friend Stiffler, who were walking. The occupants of the car and the pedestrians hailed each other. The deceased stopped his automobile, backed up to where the two pedestrians were, whereupon the defendant Gill walked up to his automobile thrust his pistol

in front of the person seated in the car and fired upon the deceased infficting one wound in the throat and another in the side.

The defendant's version of the affair was that the night before he had been out all night with Willie and early in the morning the latter attacked the defendant striking him several times; that the defendant fearing that Willie would shoot him ran away; that that night when the automobile stopped and he walked to it Willie spoke to him harshly and put his hand down to the seat where defendant thought there was a pistol, having seen it there the night before, and fearing that Willie intended to shoot him he drew his pistol and fired.

No pistol was found in the automobile and the companion of the deceased, whose name was Partin and who testified for the State, said that when Gill shot Willie the latter's right hand was on the steering wheel of the automobile.

The newly discovered evidence which it was proposed to introduce was that Willie had a pistol in the automobile and when he was shot by Gill the witness, Partin, removed the pistol from the automobile and threw it away in some lot nearby where it was later found.

The court overruled the motion and that order was assigned as error. Many affidavits were offered and much testimony taken in support of the motion. The evidence was probably discovered by counsel after the trial but little or no diligence was shown to procure it before the trial. If Willie had a pistol in the automobile the fact was known to the defendant or strongly suspected by him because he said he saw it the night before and if he had imparted that knowledge to his counsel it may have upon due diligence on the defendant's part been discovered before the trial.

But the fact was barely material. Even if the deceased

had a pistol at the time and place he was shot by Gill there is no evidence that he made any demonstration with it toward Gill. The latter's own testimony shows that he shot through fear and not because there existed any reasonable ground to apprehend immediate bodily injury from an attack on him by Willie. There was no overt act on the part of deceased showing any intention to shoot Gill further than dropping his hand to the seat where, according to Gill, the deceased had a pistol. See Collins v. State, 88 Fla. 578, 102 So. R. 880; also Smith v. State 25 Fla. 517, 6 So. R. 482; Lovett v. State, 30 Fla. 142, 11 So R. 550, 17 L. R. A. 705n; Ballard v. State, 31 Fla. 266, 12 So. R. 865.

Other errors assigned have been examined but we deem them to be unsustained. No error if any committed in the matter of instructions to the jury and the admission of evidence has resulted so far as we are able to ascertain in a miscarriage of justice. Sec. 2812, Rev. Gen. Stats., 1920.

The judgment is affirmed.

STRUM AND BROW, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.