S. AIKEN CAMPBELL v. STATE.

173 So. 677.
Opinion Filed February 26, 1937.
Rehearing Denied April 22, 1937.

*Kehoe & Kehoe,* for Plaintiff in Error;

*Cary D. Landis, Attorney General* and *Roy Campbell,* Assistant, for the State.

DAVIS, J.—Campbell was informed against in the Criminal Court of Record for Dade County for the offense of obtaining money under false pretenses from one Reuben J. Eby. No attack was made on the information. The case is here solely on the evidence and certain errors alleged to have been committed at the trial.

The alleged false pretenses adduced in evidence consisted of proof of the act of the defendant in fraudulently obtaining money from the public, particularly the defrauded complainant, Eby, for a part interest in defendant's business on the false representation that the business owned by defendant was one of large proportions requiring the employment of four salesmen to conduct it at substantial profit to its owner, in consequence of which the owner was willing to take in a partner to whom he could sell a working interest in consideration of a *bona fide* profitable capital investment in same, whereas, in truth and in fact, the business, such as it was, was largely illusory and merely pretended to be carried on as a *bona fide* concern, and had been contrived by defendant as a clever plan for inducing the public to part with its money for the purchase of a part interest in same in the belief that they would find therein a profitable investment for their funds, should they accept the defendant's offer to become a part owner of same.

Evidence was introduced to show that more than one person had been victimized by defendant in the perpetra-

tion of his scheme to sell an interest in his concern to any one who would purchase an interest in the business he was operating, or pretending to operate, and that defendant used newspaper advertisements as a means of inducing the public to invest their money in his pretended business. Evidence of that character was admissible to demonstrate a fraudulent intent incident to a larger general scheme of fraud and deception of which the particular false pretenses set out in the information constituted a mere part. Smith v. State, 29 Fla. 408, 10 Sou. Rep. 894; Presley v. State, 63 Fla. 37, 57 Sou. Rep. 605; Charles v. State, 58 Fla. 17, 50 Sou. Rep. 419.

We hold that the evidence is legally sufficient to sustain the verdict of guilty, although we agree with the view of the Assistant Attorney General, who filed brief for the state on this appeal, that the sentence imposed for the offense proven is excessively out of all proportions to the public wrong done—a question for consideration by the State Board of Pardons should a petition for an adjudgment of sentence be addressed to it.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, and BUFORD, J. J., concur.