67 So.2d 321 (1953)
WAY et al.
v.
STATE.
Supreme Court of Florida, en Banc.
July 31, 1953.
Rehearing Denied October 14, 1953.
Whit Newberry, Jr., Pensacola, for appellants.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
Appellants were charged in the Court of Record of Escambia County with having unlawfully taken, stolen, carried away one outboard motor of the value of $260. In count No. 1 it was alleged that the outboard motor was the property, goods and chattels of one Charles McGraw while in the second count the outboard motor was alleged to be the property, goods and chattels of "one to your informant unknown, and such unknown owner was a person other than the said Charlie A. Way and Essie Lorraine Way." Appellants were tried before a jury which rendered a verdict against both of them: "guilty as charged." Appellant Charlie Way was sentenced to State Prison for a period of four years and appellant Essie Way was sentenced to the State Prison for a period of two years.
Appellants pose but one question upon this appeal. They contend that the prosecuting attorney in his argument to the jury commented upon the fact that both of the defendants failed to take the witness stand or to offer any evidence in their behalf. They present the following question:

*322 "Did the Court err in allowing the County Solicitor to remark upon the fact either directly, indirectly, or by innuendo that the Defendants failed to take the witness stand or offer any evidence in their behalf?"
Counsel for appellants insists that the remarks made by the prosecuting attorney in the instant case amounted either directly or covertly to a comment upon the failure of appellants to take the witness stand and, therefore, Section 918.09, Florida Statutes of 1951, F.S.A., which prohibits a prosecuting attorney from commenting on the failure of an accused to testify in his own behalf was violated.
Counsel relies upon our opinion in Clinton v. State, 56 Fla. 57, 47 So. 389, and upon the Alabama case of Broadway v. State, Ala.App., 60 So.2d 697. From the former of these cases counsel quotes from our opinion [56 Fla. 57, 47 So. 390] as follows:
"The state still has the right to direct the attention of the jury to that portion of the evidence as to which there is conflict and to that portion which is without conflict. * * * So long as the state does not exercise its pre-existing right, so as to make it directly or covertly a comment upon the failure of the accused to voluntarily become a witness, the law is not violated."
In this case Mr. Richard P. Warfield, who was attorney for defendants in the court below, objected initially when the county solicitor in his argument to the jury stated "At the outset, Mr. Warfield gave no explanation of his defense  ."
Mr. Warfield, objected, stating: "I object to what Mr. Caro said to the Jury." The court then stated to Mr. Caro, the county solicitor, "Make no comment on their failure to testify."
Subsequently, the county solicitor, in his argument, said:
"Mr. Cessna said he saw it was an outboard motor and that boat left the beach from in front of Charles Way's house and that evidence that he left the beach from in front of his house is unexplained. There is no denial of it. There is no conflict." (Italics supplied.)
to which Mr. Warfield objected in the following language: "I object, Your Honor. He is making the same insinuation again that the defendant did not testify." The objection was overruled.
We have little doubt that the average juror would consider the latter statement made by the county solicitor as a direct reference to the fact that Charles Way did not take the witness stand in his own defense. Furthermore, we hold the view that such statement was at least a comment, covertly if not directly, upon the failure of Essie Way to become a witness in her own behalf. Indeed, the State does not contend that the remarks made by the county solicitor did not directly or covertly refer to the failure of the appellants to testify in their own behalf.
It is the State's contention that the rule of law which should be applied in this case is stated in 84 A.L.R. 784 at 791:
"Misconduct of a prosecuting attorney in commenting on the failure of the defendant to testify does not result in a miscarriage of justice warranting a reversal, when the evidence of the defendant's guilt is clearly established."
The Attorney General in his brief asserts that the foregoing rule was adopted in Deas v. State, 119 Fla, 839, 161 So. 729, and that this rule was followed in the cases of Thomas v. State, 96 Fla. 243, 118 So. 22; Melton v. State, 159 Fla. 106, 30 So.2d 916, as well as in the recent case of Norfleet v. State, Fla., 53 So.2d 537 and Peacock v. State, Fla., 53 So.2d 538.
In none of these cases was a violation of Section 918.09, supra, involved. It was only in the cases of Norfleet v. State, and Peacock v. State, supra, that an attempt was made to invoke the statute. In both of those cases it was made to appear that there were several defendants in the court *323 below and the remarks made by the prosecuting officer in neither case were directed toward the defendant Norfleet on the one hand, or the defendant Peacock on the other.
The State takes the position that the harmless error statute should be invoked in this case. We do not find that we have ever heretofore decided the applicability of the harmless error statute in a case of this type wherein a violation of the prohibition contained in Section 918.09, supra, is shown. The harmless error statute, Section 54.23, Florida Statutes 1951, F.S.A., reads:
"No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."
We do not consider our harmless error statute to be applicable in a case such as this in which it is demonstrated that a statute has been violated. When it appears that there has been a violation of Section 918.09, supra, our harmless error statute does not come into play because Section 918.09, supra, was designed to protect the defendant in a criminal case from having the jury consider his failure to take the witness stand in his own behalf as even the slightest suggestion of guilt. When such impression has been made on the minds of the jurors it cannot by this Court be said "that the error complained of has [not] resulted in a miscarriage of justice."
It is our conclusion that the comments made by the county solicitor were calculated to call the attention of the jury to the fact that Charles and Essie Way did not testify in their own behalf and that our harmless error statute, Section 54.23, supra, is not applicable.
Reversed and remanded for a new trial.
ROBERTS, C.J., and TERRELL, THOMAS, SEBRING, MATHEWS and DREW, JJ., concur.