92 So.2d 811 (1957)
Santo TRAFFICANTE, Jr., and Henry Trafficante, Appellants,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, en Banc.
January 23, 1957.
Rehearing Denied March 13, 1957.
*812 Whitaker Brothers, Mark R. Hawes and John R. Parkhill, Tampa, for appellants.
Richard W. Ervin, Atty. Gen., and Jos. P. Manners, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellants here seek review of their conviction of violating the bribery laws of the State of Florida.
They first contend that the trial court erred in permitting the State Attorney directly or indirectly to comment upon the fact that appellants failed to take the witness stand and testify in their own behalf. The basis for this contention is found in certain remarks made by the State Attorney in his final argument to the jury, which remarks were in part as follows:
"* * * All right. The testimony here is uncontradicted, uncontradicted, by these two Trafficantes, this was said in the car. They were both there, is there anyone, is there any statement here in evidence that either one of them contradicted, regardless of who said it? They have their right * * *."
It is urged by appellants that these remarks were in violation of F.S. § 918.09, F.S.A., which provides in part as follows:
"* * * nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf * * *."
This statute has been on the books for many years, and this court is firmly committed *813 to the rule that a violation of it cannot be cured by our harmless error statute. In Way v. State, Fla., 67 So.2d 321, 323, we stated in part:
"When it appears that there has been a violation of Section 918.09, supra, our harmless error statute does not come into play because Section 918.09, supra, was designed to protect the defendant in a criminal case from having the jury consider his failure to take the witness stand in his own behalf as even the slightest suggestion of guilt. When such impression has been made on the minds of the jurors it cannot by this Court be said `that the error complained of has [not] resulted in a miscarriage of justice.'"
See also Simmons v. State, 139 Fla. 645, 190 So. 756.
The State urges that the remarks objected to in the instant case should not be construed as a comment upon the failure of the appellants to take the witness stand, since they might have been construed as referring to a conversation which took place between appellants and a State witness before the trial. Upon the whole record, however, we believe that the average juror would have considered the prosecutor's remarks at least as an indirect reference to the fact that appellants did not take the witness stand in their defense. Before making the statement we have quoted, the prosecutor had reviewed the evidence, and the most obvious construction of the quoted remarks would be that appellants had contradicted none of this evidence, although, by testifying, they would have had a right to do so. It is significant that the construction urged by the State is presented here for the first time, and the record is innocent of any similar explanation by the State Attorney in answer to appellants' objections and motions for a mistrial. We conclude that the jury would have adopted the construction contended for by appellants.
As for the guarded nature of the remarks, we have hitherto held that a similarly indirect statement by the prosecutor constituted a violation of the statute. In Rowe v. State, 87 Fla. 17, 98 So. 613, 617, we said:
"This statement by the state attorney, to the effect that there were `five eyewitnesses to the homicide; two were dead; two were the defendants; and the fifth, Leonard Wingate, had testified in this trial,' called to the attention of the jury that the two defendants had not testified.
"In this instance the court took no action but merely said he would `instruct the jury at the proper time as to the law of the case.' Even if the trial judge had stopped the state attorney and told the jury not to consider the failure of the defendants to testify, it would not have cured the error."
See also Way v. State, supra, 67 So.2d 321. The law of other states is similar. In the Alabama case of Broadway v. State, 257 Ala. 414, 60 So.2d 701, 703, the court stated:
"It is our opinion that such statements not having direct reference to the failure of the defendant to testify should be interpreted in the light of what has transpired in the case, the nature of the evidence against the defendant, the burden of proof fixed by law, and any other circumstances which may have occurred during the trial having a tendency to show that the solicitor was directing his remarks to the failure of the defendant to testify rather than to a failure to submit the testimony of other witnesses, which may have been peculiarly subject to his call and known to defendant to be available to him."
*814 See also Smith v. State, 87 Miss. 627, 40 So. 229, wherein the same reasoning was applied by the Supreme Court of Mississippi, and 53 Am.Jur., Trial, Section 471, pp. 376-377. In the instant case the witness Dietrich was relating a conversation which took place between him and the two appellants. No one else was present "in the car" during said conversation. Consequently the remarks of the State Attorney could not have been directed "to a failure to submit the testimony of other witnesses."
In summary, our law prohibits any comment to be made, directly or indirectly, upon the failure of the defendant to testify. This is true without regard to the character of the comment, or the motive or intent with which it is made, if such comment is subject to an interpretation which would bring it within the statutory prohibition and regardless of its susceptibility to a different construction. The comment of the State Attorney herein might merely have been lapsus linguae in the heat of argument, but it constituted a violation of F.S. § 918.09, F.S.A., supra.
Next, it appears from the record that the State witness Dietrich had testified before the grand jury of Pinellas County prior to the trial of this case. The appellants made two efforts to secure a transcript of Dietrich's grand jury testimony. Prior to the trial, appellants made a motion in accordance with F.S. § 905.27, F.S.A., for production of the transcript. F.S. § 905.27, F.S.A. prohibits disclosure by certain persons of testimony given before a grand jury "except when required by a court to disclose the testimony of a witness examined before the grand jury for the purpose of ascertaining whether it is consistent with that of the witness given before the court * * *." F.S. § 905.17, F.S.A. provides in part that transcriptions of testimony before a grand jury "shall be opened and released by the clerk upon the order of the trial judge for use pursuant to the provisions of § 905.27, [Florida Statutes] * * *."
Later, at the trial, when the witness Dietrich was tendered to defense counsel for cross-examination, appellants presented to the court a sworn application for subpoena duces tecum to be directed to the official court reporter. This application set out that the official reporter had reported and transcribed the witness Dietrich's testimony before the grand jury, and that said testimony was material and relevant to, and in conflict with, the testimony of this witness given on direct examination at the trial. Appellants offered to prove these facts. The application and offer of proof were denied by the trial court.
Appellants contend that they had a right to the issuance of the subpoena duces tecum to compel the court reporter to appear as a defense witness and to bring with her the transcript of the witness Dietrich's testimony as given before the grand jury, making same available to defense counsel in order that it might be utilized in cross-examination of the witness Dietrich. In support of their contention, appellants rely upon our opinions in Vann v. State, Fla., 85 So.2d 133, and State ex rel. Brown v. Dewell, 123 Fla. 785, 167 So. 687, as well as the case of United States v. Aaron Burr, Fed.Cas.No. 14,692d. They also contend that they were denied their rights under the 14th Amendment to the Federal Constitution and Section 11 of the Declaration of Rights of the Florida Constitution, F.S.A., the latter of which provides that in all criminal prosecutions the accused "shall * * * have compulsory process for the attendance of witnesses in his favor." The State contends, however, that these authorities do not compel the result sought by appellants because, in the State's view, the witness Dietrich's testimony before the grand jury was not material to the issues in this case, and the grand jury *815 presentment or findings had not been made public at the time of trial.
We cannot accept the contention of the State herein. Appellants' sworn application for the subpoena, as we have stated, sets up the materiality of the evidence sought to be reached by the subpoena and must be taken for the purpose of this appeal as proving materiality to the extent necessary to warrant examination of the transcript by the court with a view to making final determination of its materiality. See Vann v. State, supra, 85 So.2d 133, and Coco v. State, Fla., 62 So.2d 892. Moreover, the record abounds with evidence that the grand jury had returned its presentment and made its findings public prior to the trial of this cause.
The right of an accused in a criminal case to compulsory process for attendance of witnesses on his behalf, as we have seen, stems from the express terms of our constitution. This provision was inserted because of the fundamental unfairness which results from placing a man on trial on a criminal charge and denying him the means to compel the attendance of witnesses, within the jurisdiction of the court, who are in possession of material facts which show or tend to show his innocence of the charge.
In State ex rel. Brown v. Dewell, supra, 167 So. 687, we held that an accused on trial is entitled to the issuance of a subpoena duces tecum to reach the testimony of a State's witness given before a grand jury when it is shown that such testimony is or may be material to the issues in the trial. In that case, in seeking to be informed as to the application of the rule, we reached back to the celebrated Aaron Burr case wherein Chief Justice Marshall stated in part:
"It is believed that such a subpoena, as is asked, ought to issue, if there exists any reason for supposing that the testimony may be material, and ought to be admitted." 25 Fed.Cas. p. 38, No. 14,692d.
Very recently, in Vann v. State, supra, 85 So.2d 133, we had occasion to consider a related problem, and we held that it is the duty of the trial judge, on proper application, to examine documents sought to be subpoenaed, and to apply tests of relevancy or privilege which we there stated, in order that an enlightened ruling might be made upon the application. Such procedure was not followed in the instant case.
Other points are raised, but since the contentions which we have discussed above require a reversal in any event, we shall not consider them. The judgment appealed from must be, and it is hereby, reversed and the cause remanded for a new trial.
TERRELL, C.J., and THOMAS, HOBSON, and DREW, JJ., concur.
THORNAL, and O'CONNELL, JJ., concur specially.
ANDERSON, Associate Justice, dissents.
THORNAL, Justice (concurring specially).
I concur in the judgment of reversal on the basis of the first point covered by the main opinion. A cautious examination of the record leads to the inescapable conclusion that the remarks of the State Attorney were condemned by F.S. § 918.09, F.S.A. and our decisions Way v. State, 67 So.2d 321 and Rowe v. State, 87 Fla. 17, 98 So. 613. The Legislature had made this a rule of law by statute. We are not permitted to change it by judicial decree.
I do not agree that denial of access to the grand jury records was reversible error in the situation presented by this record.
For the reason above stated I concur only in the judgment of reversal.
*816 O'CONNELL, J., concurs.
ANDERSON, Associate Justice (dissenting).
I dissent. To my mind there is no more damning evidence of guilt than the failure of a defendant, in a criminal case, to take the stand, face his accusers, the judge, the jury, and the prosecuting attorney and say, "I am not guilty." I am thoroughly mindful of the fact that the Constitution gives him that right and that the statute protects him against the prosecuting attorney commenting on his failure to testify in his own behalf. I do not approve judicial legislation. Neither do I approve carrying a privilege of this kind any further than the plain language of the statute. The state attorney did not directly comment on the failure of the accused to testify. And the statute does not denounce indirect reference to such failure to testify. The harm, if any, thereby done could be cured by appropriate instructions. The remarks of the state attorney in this case were certainly susceptible of the construction that the statement made in the automobile had not been denied  that is to say, that no person who was in the automobile was asked if Trafficante, or someone else, had denied the statement that is alleged to have been made. Now, it may be that the state attorney was going to comment on the defendant's failure to testify. But counsel "jumped the gun," objected to what the state attorney had said, and moved for a mistrial. We do not give juries credit for enough enlightenment. It was obvious that appellants had not testified. Surely someone on the jury noted that fact. And surely attention was called to it in the jury's deliberations and would have been called to it if the state attorney had never made the statement objected to. To hold otherwise is to ignore the plain facts of life. As I said above, it is just damning evidence of guilt.
Without intending any play on words, the Court went a long way in the Way case. Way v. State, 67 So.2d 321. Now it goes a step farther. What the future holds out I hesitate to forecast.
When I consider the overwhelming proof of the appellants' guilt together with the fact that the sufficiency of the evidence to sustain the conviction has not been challenged, I find myself unable to agree to reversal.