ALLEN, Chief Judge.
The appellants, defendants below, appeal the judgment and sentence entered pursuant to a jury verdict finding them guilty of buying and receiving stolen property.
The appellants’ point on appeal, that the prosecutor’s comment on the defendants’ failure to testify constituted fundamental error which denied defendants’ right to a fair and impartial trial guaranteed by the Constitution of the United States as applied to the states, has rperit.
Based upon the decisions and opinions of the Florida Supreme Court, in King v. State, Fla. 1962, 143 So.2d 458; Diecidue v. State, Fla. 1961, 131 So.2d 7; Trafficante v. State, Fla.1957, 92 So.2d 811; and Way v. State, Fla.1953, 67 So.2d 321, we must reverse the instant case and return it to the court below for a new trial.
At the outset, we must point out that the prosecuting attorney did not directly comment upon the failure of the defendants to take the stand but, from his various statements, the jury could have easily inferred the comment on the failure of the defendants to testify on their own behalf.
In Way v. State, supra, the county solicitor, in his summation to the jury, stated:
“Mr. Cessna said he saw it was an outboard motor and that boat left the beach from in front of Charles Way’s house and that evidence that he left the beach from in front of his house is unexplained. There is no denial of it. There is no conflict.”
The Supreme Court said:
“We have little doubt that the average juror would consider the latter statement made by the county solicitor as a direct reference to the fact that Charles Way did not take the witness stand in his own defense. Furthermore, we hold the view that such statement was at least a comment, covertly if not directly, upon the failure of Essie Way to become a witness in her own behalf. Indeed, the State does not contend that the remarks made by the county solicitor did not directly or covertly refer to the failure of the appellants to testify in their own behalf.”
In the King case, supra, the Per Curiam opinion stated:
“ * * * Further, it appears that the trial court inadvertently failed to observe the rule of the decision announced by this court in the Way, Diecidue and Trafficante cases, supra, applying F.S. 918.09, F.S.A., prohibiting a prosecuting attorney from commenting on the failure of an accused to testify on his own behalf.”
This opinion was concurred in by four members of the Supreme Court, including Justice Hobson, (Ret.), who concurred specially with opinion. We are indebted to this opinion for the factual discussion of the King case. Three justices dissented from the decision and two justices concurred in the opinion of Justice Hobson, hereinafter discussed.
*307 In Trafficante, supra, 92 So.2d at 812, 813, the Supreme Court stated:
“They first contend that the trial court erred in permitting the State Attorney directly or indirectly to comment upon the fact - that appellants failed to take the witness stand and testify in their own behalf. The basis for this contention is found in certain remarks made by the State Attorney in his final argument to the jury, which remarks were in part as follows:
“ ‘ * * * All right. The testimony here is uncontradicted, uncontradicted, by these two Trafficantes, this was said in the car. They were both there, is there anyone, is there any statement here in evidence that either one of them contradicted, regardless of who said it ? They have their right * * ¡M
«* * *
“The State urges that the remarks objected to in the instant case should not be construed as a comment upon the failure of the appellants to take the witness stand, since they might have been construed as referring to a conversation which took place between appellants and a State witness before the trial. Upon the whole record, however, we believe that the average juror would have considered the prosecutor’s remarks at least as an indirect reference to the fact that appellants did not take the witness stand in their defense. * * *
“As for the guarded nature of the remarks, we have hitherto held that a similarly indirect statement by the prosecutor constituted a violation of the statute. In Rowe v. State, 87 Fla. 17, 98 So. 613, 617, we said:
“ ‘This statement by the state attorney, to the effect that there were “five eyewitnesses to the homicide; two were dead; two were the defendants; and the fifth, Leonard Wingate, had testified in this trial,” called to the attention of the jury that the two defendants had not testified.
“ ‘In this instance the court took no action but merely said he would “instruct the jury at the proper time as to the law of the case.” Even if the trial judge had stopped the state attorney and told the jury not to consider the failure of the defendants to testify, it would not have cured the error.’ ”
We turn again to the specially concurring opinion of Justice Hobson in King v. State, supra, 143 So.2d at 464, 465, wherein it stated:
“It appears from the ‘record proper’ that the following remarks were made by the prosecutor at various points during the course of his final argument to the jury in the instant case:
“ ‘Now, from that point on, gentlemen, if you recall the testimony of Mr. Tillett — and remember this gentlemen, there is not one scintilla, nor one little, teeny piece of evidence before you, gentlemen here to rebtit one single word said by Boone Tillett before you* * *

“ ‘And Boone Tillett testified, and, again, his testimony is uncontroverted, gentlemen, that, from looking at his watch, they had to have been there in that orange grove somewhere around 8:15 or 8:20, somewhere in that area. * * *
“ * * *
“ ‘ * * * Start back when Boone Tillett testified — and it is uncontra-dicted — that Senator King, the then Senator, started all this business because he, Boone Tillett, had indicated he was going to run for the position held by Harry King.
“ * * *
*308 “ ‘Now, gentlemen, there is no question but that the motive of these men is extremely important and what they were doing. It is uncontradicted that there was a $10,000 payoff. The other testimony of Mr. Tillett is again un-contradicted.’ (Italics supplied.)
“It also appears from the ‘record proper’ that the only persons who had knowledge of the facts testified to by Mr. Tillett and referred to by the prosecutor in his final argument, were Tillett and the Petitioner. For this reason, Petitioner asserts that the above-quoted comments by the prosecutor constituted comments on his failure to take the stand and testify in his own behalf. Such comments are forbidden under the provisions of Section 918.09 F.S.A.
“A careful consideration of the prosecutor’s remarks within the context of his final summation leads inevitably to the conclusion that such remarks constituted prejudicial error when measured by the provisions of § 918.09, F.S.A., and the prior decisions of this Court construing that Section.
“Concededly, the prosecutor’s remarks did not refer directly to the silence of the Petitioner. However, since the witness Tillett and the Petitioner were the only two persons who had knowledge of the events referred to by the State’s Attorney and were therefore the only witnesses who could testify concerning such events, the logical inference which the jury would draw from the prosecutor’s remarks is that he was calling to their attention, at least indirectly or covertly, the fact that the Petitioner had not taken the stand. We have held that comments on a defendant’s silence constitute reversible error if they are subject to an interpretation that they refer to the defendant’s failure to take the witness stand, regardless of their susceptibility of a different construction. Trafficante v. State, Fla.1957, 92 So.2d 811.”
In a case recently decided by the Third District Court of Appeal, Gardner v. State, Fla.App.1965, 170 So.2d 461, the appellant, defendant below, did not take the stand in his own defense. The assistant state’s attorney discussed the matter of conflicting stories testified to by state’s witnesses by saying:
“ ‘ * * * ask Mr. Achor to explain these three stories that this defendant gave on various occasions. See if he can explain these three stories that he told other people. And I am interested in hearing the explanation of these three — I will call them — let’s be candid, these wild stories. * * * ’
“Subsequently in his final closing argument the assistant state attorney said:
“ ‘ * * * and then, his story, three different stories. I asked Mr. Achor, and I wrote it down here. I said “now gentlemen, I want you to listen very carefully to Mr. Achor and see if he can explain away, or if he can explain to you these three different fairy tales that this defendant told the police and different people at different times.” I asked him. He has yet to do it. * * * ’
« * ‡ *
“The State rtrges first that to hold the comments quoted to be reversible error would be to abridge the right of the prosecuting attorney to characterize and comment upon the evidence before the jury. See Smith v. State, Fla. 1956, 90 So.2d 304. It must be recognized that the interest of justice requires that the State be allowed to comment on the evidence; yet it is clear that the comment must not exceed the restrictions set forth in § 918.09, Fla.Stat., F.S.A. The courts of this State have jealously defended the privilege of one’s constitutional right not to be forced to testify against himself. It should be pointed out that *309 while comment may he made upon the evidence, it must be made in such a way that it does not constitute a challenge to the defendant for his failure to testify.”
In the instant case, the defendants were charged with buying, receiving or aiding in the concealment of stolen property. Several witnesses gave testimony. The defendants, however, never took the stand in their own behalf. In his closing argument the prosecuting attorney discussed the testimony of a prosecuting witness and made the following comment:
"* * * He told you the truth. 'The truck was here. We got the whiskey out there in the warehouse, and the man from Jacksonville was here to identify Tony Watts as one of the employees of that particular company in Jacksonville. That is uncon-tradicted because they can’t contradict it. And he stated he lied in Jacksonville because it was a preconceived plan between him and Robert Julian Randi to claim he was lii-jacked. They don’t deny that at all.”
Later, in his argument, the prosecutor •made reference to testimony regarding what defendant Kolsky said during a search of the premises where the contraband was discovered. The prosecutor remarked : “ * * * that that is a flat lie and he is caught in it and he can’t do anything about it.”
We recognize that the inability of the prosecution to comment, even indirectly, upon the failure of the defendants to testify is a handicap in many cases. However, the prosecutor’s summation of the -testimony given in behalf of the State cannot contain any innuendos directed to the failure of the defendants to take the stand -on their own behalf.
We reverse for new trial.
SHANNON, J., and DAYTON, ORVIL L., Jr., Associate Judge, concur.