CROSS, Judge.
Appellant (defendant) herein was convicted of first degree murder and sentenced to life imprisonment, seeks reversal of his conviction on remarks made by the assistant state attorney in argument to the jury inferentially commenting upon defendant’s failure to testify in his own behalf.
The remarks purported to be in violation of F.S.A. § 918.09[1] are as follows:
“These are the acts and conduct of the defendant.
“And you look' — and you look at those witnesses who have testified there on the witness stand and you ask yourself: Is there any doubt in my mind that this guy knew in the world what he was doing ?

“Now, where is the evidence that says that he didn’t knozv what he was doing?

“ * * *
“Sure he had an impressive psychosis. Sure he had this feature of mental dis *309 ease or he had that feature of mental disease, hut he knew what he was doing was wrong.
“Now, how in the world have they shown to you gentlemen by any witnesses that he did not — that he did not know at the time what he was doing was wrong? Where is the testimony that came from the stand?’1 (Emphasis added.)
Florida Statute, Section 918.09, F.S.A. supra, was designed to protect the defendant in a criminal case from having the jury consider his failure to take the witness stand on his own behalf as even the slightest suggestion of guilt. Way v. State, Fla.1953, 67 So.2d 321.
In Tolliver v. State, Fla.App.1961, 133 So.2d 565, at page 566, the history and rsignificance of F.S. § 918.09, F.S.A. is explained as follows:
“This statute, or its predecessors have been a part of the law of this State since 1853, and affords an accused protection from any comment, either directly or indirectly, by the prosecution on his failure to take the stand in his own defense. This is so because if an .accused does not take the stand and the State is permitted to comment on such failure in closing argument this, in effect, makes the accused a witness against liimself, contrary to § 12 of the Declaration of Rights of the Florida Constitution, F.S.A. A review of the decisions of the .appellate courts of this State discloses that they have been ever alert to prevent .any violation of either the letter or the intent of § 918.09, Fla.Stat.1959, F.S.A. See Milton v. State, Fla.App.1961, 127 So.2d 460; Otto v. State, Fla.App.1961, 126 So.2d 152; Ard v. State, Fla.1959, 108 So.2d 38; McLendon v. State, Fla.App.1958, 105 So.2d 513; Gordon v. State, Fla.1958, 104 So.2d 524; Hathaway v. State, Fla.App.1958, 100 So.2d 662; and Way v. State, Fla.1953, 67 So.2d 321.”
Furthermore, the remark by the assistant :State attorney referred inferentially that there was no evidence proffered by the defendant to explain or contradict the evidence of the state. We find this to be most prejudicial to the defendant.
In Singleton v. State, Fla.App.1966, 183 So.2d 245, the court stated:
“ * * * And when the defendant elects not to testify, it is error to refer to the State’s evidence as being unexplained or uncontradicted, or undenied (overruling prior cases which held such comment to be permissible) Way v. State, Fla.1953, 67 So.2d 321; Trafficante v. State, supra [Fla., 92 So.2d 811].”
To determine whether the comments of the assistant state attorney are susceptible of the inference that the defendant’s silence was brought to the jury’s attention it should be noted that his remarks from his argument, cited above, in referring to the “acts and conduct of the defendant * * * those witnesses who have testified there on the witness stand * * *. Now, where is the evidence that says he didn’t know what he was doing?” bears a “close grammatical proximity.” The grammatical proximity of the two sentences appears to us to point to the inescapable conclusion that reference was being made to the fact that the defendant had failed to take the witness stand and testify on his own behalf.
The judgment appealed from is hereby reversed and remanded for a new trial.
Reversed and remanded.
WALDEN, C. J., concurs.
ANDREWS, J., dissents with opinion.

. “918.09 Accused may make himself a witness. — In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.”