ANDREWS, Judge
(dissenting).
I respectfully dissent.
The question presented is admittedly a borderline question. However, a careful reading of the opening and closing remarks of the prosecuting attorney at the con- *310 elusion of the trial convinces me that such comments do not present an improper reference to the failure of the defense to rebut the testimony presented by the state. There were numerous witnesses for the state and for the defendant, and the prosecuting officers must not be so restricted that they cannot comment upon the deficiencies of the 'testimony presented in the defense of a criminal case.
In my opinion the correct rule in Florida is as stated in Clinton v. State, 1908, 56 Fla. 57, 47 So. 389, by Justice Cockrell when he said:
“The pre-existing right of the state to argue the character of the evidence adduced by it has not been taken away by the statute permitting the accused to be a witness and forbidding the state to comment upon his failure to accept that privilege. The state still has the right to direct the attention of the jury to that portion of the evidence as to which there is conflict and to that portion which is without conflict. Testimony may in a sense be contradicted in various ways, as by inherent improbability, by cross-examination, or by the demeanor of the testifier. So long as the state does not exercise its pre-existing right, so as to make it directly or covertly a comment upon the failure of the accused to voluntarily become a witness, the law is not violated. * * *»
Way v. State, Fla.1953, 67 So.2d 321; Trafficante v. State, Fla.1957, 92 So.2d 811; Gordon v. State, Fla.1958, 104 So.2d 524, apply the provisions of F.S.A. § 918.09 under particular circumstances but do not overrule Clinton v. State, supra, and similar cases.
The comment found to be objectionable in Singleton v. State, Fla.App.1966, 183 So.2d 245, is distinguishable from the situation before the court here. In the Singleton case the state attorney calls specific attention to the manner in which the defendants had testified. There were two defendants; one had testified and one had not.
In Flaherty v. State, Fla.App.1966, 183 So.2d 607, a decision of this court, the comment was a clearly improper reference to the fact that the sole defendant did not testify. There must be a reasonable rule; such as; in Clinton v. State, supra, which makes it possible for a prosecuting officer to comment upon the deficiencies in the testimony offered in the defendant’s own behalf where the defendant does not testify-
I would affirm.