363 So.2d 575 (1978)
George C. WATKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1925.
District Court of Appeal of Florida, Third District.
October 10, 1978.
Rehearing Denied November 17, 1978.
*576 Hirschhorn & Freeman and Joel Hirschhorn, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and BARKDULL and HUBBART, JJ.
HUBBART, Judge.
The central issue involved on this appeal is whether it is an indirect comment on the defendant's failure to testify in a criminal case for a prosecuting attorney to play [before a trial jury] a tape recording of an incriminating telephone conversation involving the defendant which has previously been admitted in evidence, point to the defendant at counsel table, and argue that the defendant cannot deny such taped conversation. Under well-settled principles of Florida law, we hold that such argument and conduct constitutes an indirect comment on the defendant's failure to testify in violation of Fla.R.Crim.P. 3.250. As such error was properly preserved for appellate review herein, we reverse.
The facts pertaining to the above issue are undisputed. The defendant George C. Watkins was charged by information in two counts with: (1) bribery [§ 838.015, Fla. Stat. (1977)], and (2) receiving unlawful compensation [§ 838.016, Fla. Stat. (1977)] before the Circuit Court for the Eleventh Judicial Circuit of Florida. Upon his plea of not guilty, the defendant was tried by a jury. At the close of the state's case, the defendant made a motion for a judgment of acquittal as to counts I and II of the information. The trial court granted the motion as to count I of the information, but denied the motion as to count II of the information. Subsequently, the defendant did not testify in the case and offered no evidence on his own behalf.
In closing argument before the jury, the prosecuting attorney referred to an incriminating tape recording of a telephone conversation involving the defendant, which tape had previously been admitted in evidence. The following transpired:
"[PROSECUTING ATTORNEY]: You don't have to take Little Charlie Rohn's *577 word for it. You could hear it for yourself, because they didn't make it up, and he can't deny it. [Emphasis added]
[TAPE BEING PLAYED]
MR. WATKINS: What kind of price did he give you?
MR. BENTON: It is going for about $30,000.
[PROSECUTING ATTORNEY]: And I don't care how eloquent he is.
[DEFENSE COUNSEL]: Judge, objection. May I have a bench conference?
[Thereupon, the following proceedings were ha[d] at side bar.]
[DEFENSE COUNSEL]: I move for a mistrial on the ground that [the prosecuting attorney] has commented on the Defendant's failure to take the stand. He said, and he pointed over to the Defendant, he can't deny it. Then he put the tape on, and then [the prosecuting attorney] came back and said, I don't care how eloquent he is. Obviously, that was a remark to me, but in the contents of the tape you were playing indicates that he was talking about Mr. Watkins not taking the stand, to deny it, because he was playing the tape of Mr. Watkins' voice. [Emphasis added]
[PROSECUTING ATTORNEY]: I will clarify it, because I was ...
THE COURT: All right. I agree. I think you better be careful on that, and I would caution you just a minute to just avoid the personal comments. Let's stick with the evidence. If you want to talk about  talk about the State vs. the Defendant. Leave personal comments out of it. Motion denied."
The defendant was subsequently convicted on count II of the information and sentenced to a term of imprisonment. This appeal follows.
The law of this state is well-settled that it constitutes reversible error, without regard to the harmless error doctrine, for a prosecuting attorney to comment directly or indirectly before a trial jury on the defendant's failure to testify in a criminal case  providing the defendant preserves the error in the trial court for appellate review by an objection to such comment and a motion for a mistrial. This error cannot be cured by a cautionary instruction to the trial jury. Clark v. State, 363 So.2d 331 (Fla. 1978); Shannon v. State, 335 So.2d 5 (Fla. 1976); Trafficante v. State, 92 So.2d 811 (Fla. 1957); Smith v. State, 344 So.2d 915 (Fla. 1st DCA 1977); Childers v. State, 277 So.2d 594 (Fla. 4th DCA 1973); Singleton v. State, 183 So.2d 245 (Fla. 2d DCA 1966); Fla.R.Crim.P. 3.250. The law is equally well-settled that it constitutes an indirect comment on the defendant's failure to testify when a prosecuting attorney argues before a trial jury that certain of the state's evidence stands undenied by the defendant himself. Trafficante v. State, 92 So.2d 811 (Fla. 1957); Kolsky v. State, 182 So.2d 305 (Fla. 2d DCA 1966).
In the instant case, the prosecuting attorney played a portion of an incriminating tape recording on which the defendant's voice was plainly audible, pointed at the defendant seated at the counsel table, and argued that the defendant "can't deny" this evidence. As such, this argument and conduct clearly constitutes an indirect comment on the defendant's failure to testify. We reject the state's contention that the argument herein is not such a prohibited comment because the prosecutor used the words "can't deny," as opposed to "didn't deny." Such a contention splits hairs as any reasonable jury would have concluded that the defendant himself had failed to deny in court the alleged truth of that which was stated on the tape recording. The above error was properly preserved for appellate review in this court, and we, accordingly, have no alternative but to reverse the conviction herein and remand the cause for a new trial.
Inasmuch as the case must be retried, it is appropriate to comment that we find no merit in the balance of the defendant's contentions made on this appeal. In particular, it is our view that the trial court properly admitted evidence of a long-standing course of criminal conduct in which the *578 defendant as a county electrical inspector had accepted unlawful compensation from various electrical contractors and electricians. Such collateral crimes evidence was relevant and admissible because it constituted part of a common scheme or plan directly involving the crime for which the defendant was on trial. The fact that such common scheme or plan began approximately six years ago and continued to the incident for which the defendant was on trial did not make the evidence too remote. Williams v. State, 110 So.2d 654 (Fla. 1959); Talley v. State, 160 593, 36 So.2d 201 (1948); Campbell v. State, 127 Fla. 399, 173 So. 677 (1937); Whiteman v. State, 343 So.2d 1340 (Fla. 2d DCA 1977).
Reversed and remanded for a new trial.