417 So.2d 716 (1982)
STATE of Florida, Petitioner,
v.
Michael KATZ, Respondent.
No. 82-446.
District Court of Appeal of Florida, Second District.
July 7, 1982.
Rehearing Denied August 5, 1982.
Jim Smith, Atty. Gen., Tallahassee, Robert J. Landry, Asst. Atty. Gen., Tampa, James T. Russell, State Atty., and C. Marie King, Asst. State Atty., Clearwater, for petitioner.
Paul B. Johnson of Gregory, Cours, Paniello, Johnson, Hayes & Hoft, Tampa, for respondent.
BOARDMAN, Acting Chief Judge.
The state petitions for writ of certiorari, asserting that the trial court departed from the essential requirements of law when it granted a change of venue from Pasco to Hillsborough County. We grant certiorari.
A Pasco County grand jury charged respondent Katz with first-degree murder. The indictment alleged venue solely in Pasco County, but the trial court granted respondent's motion for change of venue to Hillsborough County. We hold that this *717 order violates the essential requirements of law.
The trial court relied on Article I, Section 16 of the Florida Constitution, which provides that if the county where the crime was committed is not known, "the indictment or information may charge venue in two or more counties conjunctively and proof that the crime was committed in that area shall be sufficient; but before pleading the accused may elect in which of those counties he will be tried." In this case, however, the indictment charged venue in only Pasco County. We hold that pursuant to Article I, Section 16, and its express terms, venue need not be charged conjunctively,[1] and the accused does not have the right to request a change of venue pursuant to this section if the charging instrument does not allege conjunctive venue.
The trial court also relied on Sections 910.02 and 910.03, Florida Statutes (1981). These statutes, however, also require the charging instrument to allege venue conjunctively.
We conclude that the trial court departed from the essential requirements of the law by misapplying the plain language of the constitutional and statutory sections it relied on.
Accordingly, we grant certiorari, quash the order granting change of venue, and remand the cause to the trial court for further proceedings consistent with this opinion.
OTT, C.J., and SCHOONOVER, J., concur.
NOTES
[1] If venue is not charged conjunctively, however, the state must prove that the crime was committed in the county named in the charging instrument, Mounier v. State, 178 So.2d 714 (Fla. 1965), unless section 910.05, which provides that if the acts constituting one offense are committed in two or more counties, the offender may be tried in any county in which any of the acts occurred, is applicable to the facts here. See Smith v. State, 42 Fla. 605, 28 So. 758 (1900).