WALDEN, Judge,
dissenting.
I would reverse Mendolia’s conviction because of improper prosecutorial comment of constitutional dimension.
At trial Mendolia did not take the stand or present any evidence. During closing argument, selecting the cleanest example, the prosecutor stated:
The fingerprints. Red herring, as it were, dragged across. Just like a football player. I don’t know if many of you are football fans, but I like to call it “misdirection.” Because Mr. Kramer [Mr. Kramer was Mendolia’s trial counsel] and his client don’t want to talk about the evidence, they don’t want to talk — you didn’t hear them talk about the inferences — (emphasis supplied)
Clearly, beyond doubt, the foregoing was a prosecutorial comment upon the fact that the Mendolia claimed his privilege to remain silent in the face of accusation.
It was commented in Clark v. State, 363 So.2d 331 (Fla.1978) at page 333:
The Fifth Amendment to the Constitution of the United States provides: No person . .. shall be compelled in any criminal case to be a witness against himself; nor be deprived of life, liberty, or property, without due process of law; ... The Supreme Court of the United States, in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), construed this right to mean that the prosecution may not use at trial the fact that the defendant claimed his privilege to remain silent in the face of accusation. Indisputably, evidence of post-arrest silence is improper because it violates the defendant’s right against self-incrimination. If properly preserved for appeal through objection, the admission of such testimony constitutes reversible error. Shannon v. State, 335 So.2d 5 (Fla.1976); Bennett v. State, 316 So.2d 41 (Fla.1975).
Here, the error was preserved via proper objection and motion. Clark v. State, supra.
But what about the State’s contention that the prosecutor was merely attacking *1188 the logic of defense counsel’s closing argument, or, as is suggested, the prosecutor’s remarks were only a retort to defense counsel’s argument intended solely to steer the jury back on the course the prosecutor had charted.
First, as to the prosecutor’s intention, he very well may or may not have so intended his remarks. However, his intention is of no moment. The traditional focus in the cases dealing with improper prosecutorial comment has not been on the prosecutor’s motive, but rather on the interpretation that may be given to those comments by a jury. Trafficante v. State, 92 So.2d 811 (Fla.1957) and Gordon v. State, 104 So.2d 524 (Fla.1958).
Continuing, it is well settled that the State may meet a challenge issued by defense counsel’s argument by means of a fair reply which discusses the lack of evidence or testimony to support the defense’s premise. State v. Jones, 204 So.2d 515 (Fla.1967) and Adjmi v. State, 139 So.2d 179 (Fla. 3d DCA 1962), rev’d on other grounds, 154 So.2d 812 (Fla.1963). However, the prosecutor’s rebuttal or refutation must be fair; that is, his comment must not be so vigorous as to be “fairly susceptible” of being interpreted by the jury as referring to a criminal defendant’s failure to testify. Clinton v. State, 56 Fla. 57, 47 So. 389 (1908) and Trafficante, supra.
In Clinton the Florida Supreme Court noted that there are limits to the extent to which the State directs the jury’s attention to those portions of the evidence which were in controversy and those which were uncontroverted. The Clinton court stated:
The State still has the right to direct the attention of the jury to that portion of the evidence as to which there is conflict and to that portion which is without conflict. Testimony may in a sense be contradicted in various ways, as by inherent improbability, by cross-examination, or by the demeanor of the testifier. So long as the State does not exercise its preexisting right, so as to make it directly or covertly a comment upon the failure of the accused to voluntarily become a witness, the law is not violated. (Citation omitted and emphasis added.)
(Id. at 390.)
Here the prosecutor’s comments went beyond the permissible bounds and were even more than “fairly susceptible” of being interpreted as referring to the appellant’s failure to testify. Trafficante, supra, and David v. State, 369 So.2d 943 (Fla.1979).
If defense counsel in criminal cases is to be effective it is his function and duty in closing argument to discuss the shortcomings of the State’s case, to include deficiencies in the proofs. This was done here. Does defense counsel thereby waive the defendant’s Fifth Amendment rights so that the State can then freely comment on the defendant’s silence using the justification and basis, as here, that such comments were only a retort to defense counsel’s argument intended solely to steer the jury back on the course the prosecutor had charted? I think not. Otherwise, Fifth Amendment rights evaporate into nothingness.
Reflecting on the contents of the transcript and the above quoted portion it is evident that there were various ways that the prosecutor could have properly countered the argument of defense counsel. Clinton, supra.
Finally, in the cases cited in the State’s brief I can not find a single authority in support of what was done here.
In my opinion the rights of defendant were violated in a way that can only be corrected by a new trial.
I would reverse and remand for a new trial.