BOYD, Justice,
dissenting.
The state seeks review not only of the district court’s holding that there was reversible error but also the determination *428 that the prosecutor’s argument was susceptible of being interpreted as an improper reference to the defendant’s exercise of his right to remain silent.
As stated by the district court, in closing argument the defense made reference to the fact that the state had not called certain witnesses. The prosecutor made the responsive remark that all the individuals in question were present and available for the defense to call if it so desired. The prosecutor then made the argument in question as follows:
You heard [defense counsel] say that he has talked to the witnesses in this case many times and that is true. Until Mr. Lowry testified in here the other day I had no idea whatsoever what he was going to say but he knew exactly what all of the state witnesses were going to say before he got up and testified. They had no idea what he was going to say. Keep that in mind.
This was not a comment calling to the jury’s attention the fact that the accused had not testified in his own defense at trial as in Trafficante v. State, 92 So.2d 811 (Fla.1957). Obviously, the defendant in this case did testify in his own defense at trial. Nor was this a case of testimony to the effect that when faced with attempted interrogation at some time before trial the defendant relied on his fifth amendment rights and declined to answer as in Bennett v. State, 316 So.2d 41 (Fla.1975). Because this case is so clearly distinguishable from Bennett and Trafficante, it is not clear that the rulings of those cases should apply.
The prosecutor’s comment in this case was made in response to a defense attack on the state’s case and was merely a permissible comment on the credibility of the defendant’s testimony. It is only by piling inference on inference that one can conclude that the comment had the effect of informing the jury that the defendant had refused to give the state any information or statement prior to trial. I would find that the comment was not fairly susceptible of being interpreted as a comment on the defendant’s exercise of the right to remain silent at any time and was therefore not improper. Moreover even if I were convinced that the comment was technically improper, I would find that it was harmless beyond a reasonable doubt.
EHRLICH, J., concurs.