151 So.2d 881 (1963)
Louis B. HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 3187.
District Court of Appeal of Florida. Second District.
April 17, 1963.
*882 C.R. Lautenburg, Fern Park, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
ALLEN, Judge.
Appellant, one of three defendants in criminal proceedings, appeals his conviction and sentence on counts of conspiracy, robbery, kidnapping and aggravated assault.
The record discloses that upon trial of appellant and two co-defendants, a witness for the co-defendant Rogers testified that he was at Rogers' home during a material period of time. Upon cross-examination, the witness admitted he could have left earlier than originally indicated. Thereafter, in his closing argument, the prosecutor commented on this testimony and further commented:
"But who was there when he left? * * * Mr. Hornsby didn't call Mr. Rogers to the stand to explain what happened the rest of the evening. * * *"
In short, the prosecutor commented on the co-defendant Rogers' failure to testify. Appellant Harper argues that this indirectly was attributable to him as well as his co-defendants, that it can reasonably be calculated to have raised questions in the jurors' minds as to his, as well as Rogers', failure to testify and that it was grounds for mistrial or, in the instant appeal, for reversal and a grant of a new trial.
The statutory prohibition against comment upon an accused's failure to testify has been zealously enforced by the Supreme Court of Florida. Indirect comment and comment by implication, as well as direct comment, have been held proscribed. Fla. Stat. § 918.09, F.S.A.; Gordon v. State, Fla. 1958, 104 So.2d 524, 539-541. See King v. State, Fla. 1962, 143 So.2d 458, 464 (concurring opinion).
In Gordon v. State, supra, discussing the irreparably prejudicial nature of the prohibited comment, Justice Thornal wrote:
"* * * [W]hen the prosecutor brings to the attention of the jury the failure of a defendant to testify, he naturally gives emphasis to the fact that the defendant could have testified if he had so desired and that by failing to do so he has something to hide. Immediately there is created in the mind of the average juror an ill-founded and prohibited prejudice which cannot be erased or eradicated either by apology or by judicial admonition. * * *"
More recently, in a concurring opinion in King v. State, supra, Justice Hobson discussed at some length the prohibition of Fla. Stat. § 918.09, F.S.A. In the King case, supra, the prosecutor had, on several occasions, commented on the fact that a witness' testimony as to facts known only to the witness and a defendant was uncontroverted. *883 Commenting on this circumstance, Justice Hobson wrote:
"Concededly, the prosecutor's remarks did not refer directly to the silence of the Petitioner. However, since the witness Tillett and the Petitioner were the only two persons who had knowledge of the events referred to by the State's Attorney and were therefore the only witnesses who could testify concerning such events, the logical inference which the jury would draw from the prosecutor's remarks is that he was calling to their attention, at least indirectly or covertly, the fact that the Petitioner had not taken the stand. We have held that comments on a defendant's silence constitute reversible error if they are subject to an interpretation that they refer to the defendant's failure to take the witness stand, regardless of their susceptibility of a different construction. Trafficante v. State, Fla. 1957, 92 So.2d 811."
Continuing and concluding a discussion of relevant precedents, Justice Hobson stated:
"It may well be that the State's Attorney in this case had no intention of bringing this matter to the attention of the jury. Such innocence or inadvertence, however, does not alter the harmful or prejudicial character of the remarks. * * *
"From its earliest days, this Court has jealously and scrupulously protected the right of the defendant in a criminal proceeding to remain silent. As an important incident to this right, we have consistently held that a prosecutor is prohibited from commenting on or bringing to the jury's attention, in any manner, the fact that the defendant did not testify in his own behalf." (Emphasis added.)
Recognizing that neither of the foregoing, by reason of distinguishing facts or the nature of the pronouncement, constitute controlling precedent, we are nonetheless constrained to the view that the principles therein articulated, when applied to the facts of the instant cause, require a new trial.
Although the prosecutor may not have intended his remark to be applicable to the appellant's failure to testify and although he commented directly only on the co-defendant's failure to take the stand, he nevertheless, by clear implication, called the jury's attention to all of the defendants' exercise of their right not to testify. In the King case, supra, and earlier cases cited therein, the Court recognized that comments that certain testimony or matters of fact were uncontradicted could indirectly call attention to a defendant's failure to testify. Certainly the direct comment that a co-defendant failed to take the stand in the instant case reasonably and logically, though indirectly, called to the attention of the jury the appellant's failure to testify. Since the prosecutor cannot by indirection do that which he cannot do directly, the comments of the prosecutor constituted fundamental error and impel the grant of a new trial.
In determining that the appellant's rights were prejudiced by the prosecutor's comment, we do not determine that an action, prejudicially erroneous to a co-defendant, will always necessarily impel new trial for the other defendants. Rather, we merely determine that an action prejudicial to one defendant may, quite apart from this effect, also constitute a distinct abridgement of the rights of another defendant and impel a new trial for the latter.
We note in passing that no cautionary charge was given with respect to the testimony of accomplices. However, no objection to this omission was raised at trial. In view of our disposition of this appeal, we will comment only to the extent of commending the matter to the attention of the court in any future proceedings.
In light of the indirect violation of appellant's right under Fla. Stat. § 918.09, *884 F.S.A. the conviction and sentence are reversed and that cause remanded for new trial. See Gordon v. State, supra, Rowe v. State, 1924, 87 Fla. 17, 98 So. 613; Milton v. State, Fla.App. 1961, 127 So.2d 460.
SHANNON, C.J., and WHITE, JOSEPH S., Associate Judge, concur.