ALLEN, Chief Judge.
Appellant, petitioner below, takes timely appeal from the order denying his Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, petition.
Appellant alleges: (1) that he was arraigned and sentenced without counsel and that he did not intelligently waive counsel; and (2) that his sentence for Attempted Robbery is excessive.
This is petitioner’s third successive Criminal Procedure Rule No. 1 petition. In his previous petitions, he alleged that he was without counsel and that he did not intelligently waive counsel. These previous petitions were denied below and no timely appeal was taken therefrom.
*711 The sentencing court is not required “to entertain a second or successive motion for similar relief on behalf of the same prisoner.” Criminal Procedure Rule No. 1. Since no timely appeal was taken from the denial of the first petition, we are without power to consider the merit of the allegation.
Petitioner’s second allegation, that his ten year sentence for attempted robbery is excessive, has merit. Petitioner’s brief contains no argument in reference to the second allegation, but an appellate court will always consider fundamental error apparent on the face of the record. Wyche v. State, Fla.App.1965, 178 So.2d 875. The record shows that after petitioner pleaded guilty to the information, the judge found him guilty of attempted robbery. The other order in the record sentenced the petitioner to ten years in the State Prison for attempted robbery.
The maximum sentence for robbery is life imprisonment. Section 813.011, Fla. Stats., F.S.A. As to the conviction for an attempt of a crime that carries a maximum life sentence, the maximum sentence which can be imposed for the attempt is five years. Section 776.04(2), Fla.Stats., F.S.A. Since maximum sentence for attempted robbery is five years, we must remand to the sentencing court for proper sentence. Cf. Ross v. State, Fla.App. 1958, 100 So.2d 87.
We. affirm the order as it denies relief on the ground of lack of counsel. However, in view of our finding that the sentence is excessive, we remand with directions that sentence be set aside, and the petitioner (defendant) be sentenced according to law; and that credit be given for the period of imprisonment already served. Ross v. State, supra.
Affirmed in part and reversed in part.
SHANNON and LILES, JJ., concur.