OWEN, Judge.
Appellant was convicted of robbery and sentenced to life imprisonment. Because the prosecutor, during closing argument to the jury, directly or indirectly commented upon the failure of the defendant to testify, the judgment and sentence must be reversed and this cause remanded for a new trial.
After appellant was arrested and charged with the crime, he was properly warned of his constitutional rights and knowingly and voluntarily signed a written waiver thereof. Some 14 hours later, while still in custody, he voluntarily submitted to interrogation in the course of which he made certain inculpatory statements. During the interrogation the questions and answers were written in longhand by a police officer. Upon completion of the interrogation, another officer again advised appellant of his constitutional rights and after ascertaining that appellant understood and was willing to waive them, the same officer read to appellant the written statement. Appellant then acknowledged that the statement reflected his answers to the questions asked him, that the answers were true, and that he was willing to sign the statement. He then proceeded to sign the statement in the officer’s presence. After the State had laid a proper foundation as to the voluntary nature of the statement, the same was received and read into evidence over objection. In this respect we find no error.
Defendant offered no testimony and was therefore entitled to the opening and closing argument. Defense counsel’s only reference to the signed statement was to remind the jury that they should not consider the statement unless they were satisfied that it had been voluntarily given. During the prosecutor’s response he made the following statement:
“In the evening time — in the fact of the matter, late at night — it was 11:00, I believe, or around that time; 11:30— they gave him another set of rights. It was signed by him in front of Whipple. He gave Whipple a confession. Davenport came in and read the whole thing to him again, and then read over his statement here because — I don’t want to use his term — it is a statement about what he thinks happened and he signed that up there in the Detective Bureau.
“Now, did you hear one thing about him getting beaten up or somebody was pottnding on his head, forcing him into thisf Not a word about it. Mr. Mathis came forward with that on his own hook. He said, yes, here is what happened and here there are two things in this confession.” (Emphasis added.)
At this point appellant’s counsel immediately objected and moved for a mistrial, which the court denied. Such motion would satisfy the requirement of State v. Jones, Fla.1967, 204 So.2d 515, and the court’s denial of the motion is the error upon which this point is based.
*848 Rule 3.250 CrPR, 33 F.S.A.,[1] which is identical to and supersedes Section 918.-09, F.S.A., should be interpreted in the same manner as the statute was heretofore. Under the statute it has been held consistently that the prohibition [against any comment upon the failure of the defendant to testify] applied without regard to the character of the comment, or the motive or intent with which it is made, if such comment is subject to an interpretation which would bring it within the statutory prohibition, and regardless of its susceptibility to a different construction. See Trafficante v. State, Fla.1957, 92 So.2d 811; Tolliver v. State, Fla.App. 1961, 133 So.2d 565; Harper v. State, Fla.App.1963, 151 So.2d 881; State v. Jones, supra; and cases cited therein.
Referring now to the quoted remarks of the prosecutor, we think it clear that the only likely source of testimony to show the defendant “getting beaten up” or that “somebody was pounding on his head” [in order to force him into making the statement], would be the defendant himself. It follows that the logical inference which the jury would draw from these remarks is that the prosecutor was calling their attention indirectly (if not in fact directly) to the fact that appellant had not taken the stand.
In view of the unequivocal identification of appellant by the victim of the robbery, and the voluntary nature of the inculpatory statements made by appellant following his arrest, we would have no difficulty in concluding that the prosecutor’s misconduct in this regard was harmless and hence denial of appellant’s motion for mistrial was harmless error. But our Supreme Court has expressly held, in Way v. State, Fla.1953, 67 So.2d 321, that the harmless error statute does not come into play whenever Section 918.09 has been violated, a view which was re-affirmed in the Trafficante case, supra. We find nothing to indicate that the Supreme Court has receded from this view, and we conclude that it continues to be the view which should be applied to Rule 3.250 CrPR.
Just recently we have found it necessary to reverse other judgments because of the prosecutor’s misconduct in closing argument to the jury, e. g., Breniser v. State, Fla.App., 267 So.2d 23, Opinion filed September 12, 1972, and Price v. State, Fla. App., 267 So.2d 39, Opinion filed September 26, 1972. We would respectfully remind the prosecutors of this state, and particularly those acting within the jurisdiction of this court, of the high nature of their respective offices and the corresponding duty that such position places upon them, as so eloquently expressed by Mr. Justice Terrell in Washington v. State, 1923, 86 Fla. 533, 98 So. 605. We again urge the desirability of prosecutors adhering to the teachings of the time-honored authorities which we cited in Breniser and Price, and which we cite in support of this opinion.
The judgment and sentence are severally reversed and this cause remanded for a new trial.
Reversed and remanded.
WALDEN, J., concurs.
MAGER, J., dissents with opinion.

. “Rule 3.250 Accused as Witness
“In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, and a defendant offering no testimony in his own behalf, except his own, shall be entitled to the concluding argument before the jury.”