277 So.2d 594 (1973)
Charles Woodrow CHILDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 71-1048.
District Court of Appeal of Florida, Fourth District.
May 3, 1973.
Rehearing Denied June 6, 1973.
Ray Sandstrom, of Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was convicted of breaking and entering with intent to commit a felony, to-wit: grand larceny, and sentenced to a term of five years in the state prison. Because the prosecutor, during closing argument to the jury, directly or indirectly commented upon the failure of the defendant to testify, the judgment and sentence *595 must be reversed and this cause remanded for a new trial.
An essential part of the state's case against this defendant depended upon circumstantial evidence of defendant's breaking and entering a specific building, as no one had seen the defendant inside the building. In commenting upon circumstantial evidence, the prosecutor said:
"The Judge will also instruct you, and I will tell you right now, that if a man can offer you a reasonable hypothesis of innocence, then you should look to that reasonable hypothesis of innocence when you are dealing with circumstantial evidence.

"I submit to you, what reasonable hypothesis has been offered to you, other than the one which indicates ... ."
At this point, appellant's counsel immediately objected and moved for a mistrial, which motion was denied. The motion satisfies the requirements of State v. Jones, 204 So.2d 515 (Fla. 1967). The court's denial of the motion is the error assigned.
Formerly by statute (F.S., Section 918.09, F.S.A.) and now by rule (Rule 3.250, RCrP, 33 F.S.A.) a prosecuting attorney is prohibited from commenting before the jury or the court on the failure of the accused to testify in his own behalf. It has been consistently held that the prohibition [against any comments on the failure of the defendant to testify] applies without regard to the character of the comment, or the motive or intent with which it is made, if such comment is subject to an interpretation which would bring it within the statutory prohibition, and regardless of its susceptibility to a different construction. See Trafficante v. State, 92 So.2d 811 (Fla. 1957); Tolliver v. State, 133 So.2d 565 (Fla.App. 1961); Harper v. State, 151 So.2d 881 (Fla.App. 1963); State v. Jones, supra; Mathis v. State, 267 So.2d 846 (Fla. App. 1972).
Referring now to the quoted remarks of the prosecutor, and particularly the emphasized portions thereof, we think it clear that such comment is subject to an interpretation which would bring it within the prohibited area. The prosecutor's statement of the applicable law, followed immediately by his rhetorical question, "What reasonable hypothesis has been offered to you ..." is fairly susceptible of being interpreted by the jury as a statement to the effect that "an innocent man would attempt to explain the circumstances but the defendant offered no such explanation." The comment as thus interpreted or construed violates the prohibition of the rule. As stated above, it matters not that this was not the interpretation intended by the prosecutor, nor that the comment is also susceptible of a construction which is nonviolative of the rule. Furthermore, the harmless error statute is not applicable to a violation of this rule. Mathis v. State, supra.
The judgment and sentence are severally reversed and this cause remanded for a new trial.
Reversed and remanded.
CROSS, J., concurs with opinion.
MAGER, J., dissents with opinion.
CROSS, Judge (concurring):
I concur in the opinion by Judge Owen that it was reversible error for the prosecuting attorney to comment on the defendant's failure to testify. Notwithstanding, however, I would discharge the defendant from further prosecution under Information No. F71-16351 for the following reasons:
The information contained three courts. Counts one and two of the information charged the defendant and Lonnie Lee Williams jointly for the crime of breaking and entering with intent to commit a felony, to-wit, grand larceny, while the third *596 count of the information applied solely to Williams on a charge for possession of barbiturates. Williams and the state entered into plea negotiations. An agreement was reached between Williams and the state whereby Williams agreed to plead guilty to count one of the information if the state would not prosecute him on counts two and three of the information. Pursuant to this agreement, Williams entered a guilty plea to count one, and an assistant state attorney announced in open court a nolle prosequi as to count two (the count involved in this appeal) and count three.
Thereafter, Childers was tried by a jury on counts one and two of the information. He was acquitted by the jury on count one, but found guilty as charged on count two, adjudged guilty by the court and sentenced accordingly.
The question arises as to whether count two of the information was dismissed as to the appellant Childers because of the failure of the prosecutor to specifically limit his nolle prosequi of count two to the defendant Williams.
Nolle prosequi means, translated literally, to be unwilling to prosecute. Wilson v. Renfroe, 91 So.2d 857 (Fla. 1957). When a nolle prosequi has been entered, the defendant is entitled to be discharged from custody under that count or information, and he may not be tried under an information that has been nol. prossed, as that information is a nullity and cannot confer jurisdiction on the court. However, where the cause has been nol. prossed prior to the inception of jeopardy, a new information may be filed alleging the same crime, and the defendant may be tried upon that information.
Where an information charges multiple defendants jointly and/or where an information contains multiple counts, the state has the authority to enter a nolle prosequi as to one or more defendants and/or as to one or more counts. 5 Wharton's Criminal Law and Procedure § 2069 (12th (Anderson) ed. 1957, Supp. 1973). The nolle prosequi must, however, state with specificity the action being taken. Perry v. State, 84 Okla. Cr. 211, 181 P.2d 280 (1947). In Perry, the court on motion of the state entered a nolle prosequi order dismissing the information, which charged two defendants jointly, without limiting the dismissal to one of the two defendants. One of the defendants was nevertheless prosecuted under that information. The appellate court determined that notwithstanding that it was the intention of the trial court to limit the dismissal to one defendant, the order as signed contained no such limitation, and it constituted an effective dismissal of the entire case. Perry v. State, supra. The defendant, Perry, was accordingly discharged.
The same principle applies in the case sub judice. While it is clear that the assistant state attorney intended to enter a nolle prosequi on counts two and three only as to the defendant Williams, the nolle prosequi, as entered upon the minutes of the court, contains no such limitation. Therefore, the information as to count two was a nullity under which the appellant should not have been tried.
I would reverse and discharge the defendant from further prosecution under Information No. F71-16351.
MAGER, Judge (dissenting):
I must respectfully dissent because in my opinion the statements made by the prosecutor do not in any sense constitute a comment on the failure of the accused to testify.
Clearly and properly, it is the duty of the court to insure that there be no infringement of the fundamental rights of persons charged with crime. However, we do not further this concept if we must indulge in conjecture and extrapolation in order to glean susceptibilities, inferences or interpretations not otherwise fairly or reasonably apparent from the circumstances.
*597 The weakness of the majority's position is manifest by its reliance upon the decision of State v. Jones, 204 So.2d 515 (Fla. 1967). In that case the Supreme Court of Florida quashed a decision of this court and found that the prosecutor's statements (which were far more susceptible to criticism when compared with those in the case sub judice) were within permissible bounds. The alleged impermissible statements were:
"`These are the acts and conduct of the defendant.
"`And you look  and you look at these witnesses who have testified there on the witness stand and you ask yourself: Is there any doubt in my mind that this guy knew what he was doing?
"`Now where is the evidence that says that he didn't know what he was doing?

* * * * * *
"`Sure he had an impressive psychosis. Sure he had this feature of mental disease or he had that feature of mental disease, but he knew what he was doing was wrong.
"`Now how in the world have they shown to you gentlemen by any witnesses that he did not  that he did not know at the time know what he was doing was wrong? Where is the testimony that came from the stand?'" (204 So.2d 515, 516) (Emphasis added.)
In quashing this court's opinion and reinstating the final judgment of the circuit court the Supreme Court aptly observed:
"... Upon the shoulders of our courts rests the obligation to recognize and maintain a middle-ground which will secure to the defendant on trial the rights afforded him by law without sacrificing protection of society. As Mr. Justice Cardozo explained in Snyder v. Commonwealth of Mass., 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674, 687:
"`But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.'" (204 So.2d 515, 519) (Emphasis added.)
An examination of the cases cited in my dissenting opinion in Mathis v. State, 267 So.2d 846 (Fla.App. 1972), indicates the type of permissible and impermissible comments. See, in particular, Hooks v. State, 250 So.2d 322 (Fla.App. 1971).
It is my view that based upon the facts and circumstances of this case, when taken in context of the record as a whole and in view of the applicable judicial decisions, the prosecutor's comments were within permissible bounds.
It is my further view that the manner in which the State nol prossed certain counts was not fatal to the charge upon which defendant was tried and ultimately convicted. A common sense reading of the record can lead to no other conclusion but that the state nol prossed Counts II and III as to only one of the defendants, to-wit: Williams, and not as to defendant Childers.
The information contains three counts. Defendant Williams, pursuant to a negotiated agreement with the State, withdrew his plea of not guilty as to Count I and entered his plea of guilty as to such count which was accepted by the court. Subsequently, in furtherance of this agreement the state nol prossed Counts II and III.
The record on appeal contains an excerpt for the Minutes of the Clerk with respect to the nolle pros of Counts II and III as follows:
"At this time, Mr. Edward Church, Assistant State Attorney, announced a Nolle Prosequi as to Counts II. and III. Whereupon, it is,
Ordered and adjudged that the Defendant be released from custody and the appearance bonds heretofore posted, if any, be, and the same are hereby discharged as to Counts II, and III.
 JAMES M. REASBECK,
 Judge" (Emphasis added.)
*598 While the better practice would have been for the prosecutor to have specified that the nol pros as to Counts II and III related to defendant Williams only, (and did not apply to Childers) this omission was not fatal. An isolated reading of this entry may tend to lend support to a contrary view; however, a review of the entire record, including the circumstances surrounding defendant Williams' plea of guilty to Count I clearly negate such a strained conclusion. The very conduct of the prosecutor in proceeding with the trial of Childers for Counts I and II further militates against such a restricted view. The phrase "nolle prosequi" means "unwilling to prosecute." There is nothing in the record either by omission or commission suggesting that the State intended to nol pros Counts II and III against defendant Childers.
Moreover, there is no statute or rule requirement with respect to the procedure for the announcement and entry of a nol pros. Irrespective of the presence or absence of any such requirement there is a paramount "rule of reason" to which the courts must give consideration. To conclude otherwise would elevate form above substance without regard to a consideration of the real question of whether the defendant's rights were safeguarded and whether the defendant received a fair trial. Cf. Ramirez v. State, 241 So.2d 744 (Fla.App. 1970). The Oklahoma decision of Perry v. State, 84 Okla. Cr. 211, 181 P.2d 280 (1947), which has been cited, is factually distinguishable; and in any event should not be considered as the controlling law in Florida. The observations made by the Oklahoma Appeals Court with respect to the efficacy of an order dismissing criminal charges filed against two defendants were primarily dicta and obviously influenced by the action of the prosecutor purporting to change an order of the court with a pencil interlineation.
Even if it be concluded that the procedure followed by the State was erroneous because it lacked specificity as to the action being taken, a review of the record does not necessarily lead to the conclusion that such error "injuriously affected the substantial rights of the appellant." See F.S., Section 924.33, F.S.A. Defendant was duly informed against, the charges were clearly specified in the information and the State proceeded to try the defendant on such charges.
The circumstances surrounding the nol pros simply do not justify a discharge of defendant. I would affirm the judgment in all respects.