MAGER, Judge
(concurring specially):
I fully concur in the result reached by the majority opinion with the following additional comments.
*632 During oral argument it became apparent to this court and a subsequent review of the record confirmed that the defendant was tried, adjudicated guilty and sentenced by the trial court on a criminal charge which had previously been nolle prossed by the state. The record suggests that the nolle pros of Count II was part of a plea bargaining arrangement wherein defendant agreed to plead guilty to Count III. The court minutes reflect that the court accepted the defendant’s guilty plea to Count III and the state nolle prossed Count II.
The court minutes further reflected that some several months later defendant was permitted to withdraw his plea of guilty as to Count III. However, when the defendant went to trial apparently the state, the defendant and the court were under the impression that Count II was still a viable count perhaps on the premise that the aborted plea bargaining arrangement revived Count II. In actuality Count II had been nolle prossed and was never reinstated.
There is nothing in the record that remotely suggests any impropriety in the conduct of the state, the defendant or the court; on the contrary, the record suggests inadvertence. The supplemental brief filed by the state after oral argument confirms this, candidly and commendably acknowledging that the judgment and sentence was improper, void and should be reversed. The inadvertence by all concerned is further borne out by the fact that the adjudication of guilt and sentence as to Count II was not even assigned as error or argued in this appellate presentation.
Nonetheless, the adjudication of guilt and sentence on a nolle prossed charge is error of such a fundamental nature apparent from the face of the record which would justify appellate consideration and rectification. Ogilvie v. State, Fla.App. 1966, 181 So.2d 710.