317 So.2d 114 (1975)
Randolph T. JENKINS and Johnny B. Smith, Appellants,
v.
The STATE of Florida, Appellee.
No. 74-1704.
District Court of Appeal of Florida, Third District.
July 8, 1975.
Rehearing Denied September 10, 1975.
Phillip A. Hubbart, Public Defender, and Gerald Hubbart, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty. Gen., for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The appellants were charged by indictment with the crime of murder in the first degree, for the gunshot killing of a named *115 person. Tried together before a jury, the appellant Jenkins was convicted of murder in the third degree (and sentenced to imprisonment for a term of fifteen years), and the appellant Smith was convicted of murder in the second degree (and sentenced to imprisonment for life). The defendants appealed.
The appellant Jenkins contends the court committed error by denying his motion for mistrial, because of certain remarks by Smith's attorney in his argument to the jury. The comment was with reference to Smith's right to remain silent and not testify in his own behalf. Jenkins argues that such comment constituted reversible error because it called attention to the circumstance that Jenkins likewise had not testified in his own behalf.
In the course of his argument, the attorney for Smith stated as follows:
"Now, you saw the witnesses testify, and the State produced the evidence to try to prove their case. Now, Johnny B. Smith did not testify. He has had the right not to. His decision not to testify was mine, not his, and I based that decision upon my experiences in this Court  "
The attorney for Jenkins announced an objection thereto, as being "improper argument". The court sustained the objection. Smith's attorney then stated in argument, the following:
"When you were empowered here, you were advised at that time, that the Defendant need not testify, that he is clothed with a presumption of innocence, and that innocence, or the presumption of innocence, never leaves him unless and until the State proves its case beyond, and to the exclusion of each and every, or any reasonable doubt as to his guilt for the crime charged. In my opinion, they have miserably failed in that burden. I do not feel it is necessary for Johnny Smith to defend himself before you today."
An objection thereto by Jenkins' attorney was not ruled on directly. The court directed Smith's attorney to proceed, and stated: "The jury will be instructed as to that".
A subsequent motion by Jenkins' attorney for mistrial because of the foregoing, was denied. Later, in the charges given, the court charged the jury as to the right of the defendants to remain silent, as Smith's attorney had stated with regard to Smith, viz:
"In every criminal proceeding, a defendant has the absolute right to remain silent. At no time, is it the duty of the defendant to prove his innocence, and from the exercise of a defendant's right to remain silent, a jury is not permitted to draw any inferences of guilt  and the defendant's failure to take the witness stand, must not be considered, in any manner, an admission of guilt nor should his failure to take the witness stand, influence your verdict in any manner whatsoever."
We hold that the trial court did not commit error by denying the motion made on behalf of Jenkins for a mistrial. The above quoted comments of the attorney for Smith did not constitute reversible error as to Jenkins. While such comments may have had the effect of calling attention to the circumstance that Jenkins, as well as Smith, had not testified in his own behalf, the statement in respect thereto by Smith's attorney was not antagonistic to Jenkins. On the contrary, the comment, which was beneficial to Smith was equally beneficial to Jenkins, and it was no more, and in fact less than the court charged the jury with respect to the right of both of the defendants to remain silent.
*116 The decisions relied on by Jenkins are not applicable to the circumstances of this case. In Harper v. State, Fla.App. 1963, 151 So.2d 881, a comment of the prosecutor on the failure of one of three defendants to testify in his own behalf, was held to be reversible error as an improper indirect comment by the prosecutor on failure of a co-defendant to testify in his own behalf. Similarly, in Carter v. State, Fla. App. 1967, 199 So.2d 324, the comment was by the prosecutor, calling attention to failure of a defendant to testify in his own behalf.[1] The federal case relied on by Jenkins (De Luna v. United States, 5 Cir.1962, 308 F.2d 140), is distinguishable on the facts. There the attorney for one defendant who had testified in his own behalf made direct comment on the fact that the co-defendant had not testified in the case, thereby seeking to influence the jury to absolve his client and place the blame on the co-defendant.
We further hold that the trial court's denial of the request of the jury to have the testimony of two of the witnesses re-read to the jury was not error. Such testimony was cumulative. Its import was not material to the guilt or innocence of the defendants, in that it dealt with the question of whether the fatal shot was fired by one of the defendants or by another participating person. The court reporter was not available to re-read the testimony. The matter was one resting in the sound judicial discretion of the court, and in the circumstances involved the ruling of the court thereon did not constitute an abuse of discretion.
The judgments and sentences are affirmed.
NOTES
[1] Rule 3.250 RCrP provides in pertinent part:

"In all criminal prosecutions the accused may at his option be sworn as a witness in his own behalf, and shall in such case be subject to examination as other witnesses, but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf".