348 So.2d 420 (1977)
Jack DAVID, Appellant,
v.
STATE of Florida, Appellee.
No. 75-2229.
District Court of Appeal of Florida, Fourth District.
August 9, 1977.
Rehearing Denied August 9, 1977.
Richard L. Jorandby, Public Defender, and Henry Prettyman, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Marsha G. Madorsky, Asst. Atty. Gen., West Palm Beach, for appellee.

ON REHEARING
PER CURIAM.
Affirmed.
ALDERMAN, C.J., and LETTS, J., concur.
MAGER, J., dissents, with opinion.
MAGER, Judge, dissenting:
I would grant appellant's petition for rehearing on the basis of a matter which, although not presented in the instant petition for rehearing, was properly before this court in the appellate presentation. It is a matter, most respectfully, which is of such fundamental proportion as to mandate this court to consider it as if raised in the instant petition to the same extent that this court could have considered any fundamental error in the main appeal. Ogilvie v. State, 181 So.2d 710 (Fla.2d DCA 1966).
The appellant contended that during closing argument to the jury the prosecutor made certain remarks constituting a direct comment on appellant's failure to testify. The following reflects what actually transpired below:
"MR. SILBER [Prosecutor]: ...
Now, counsel stated in his argument about this business failure and why can't you conclude that that was a business failure.
Well, ladies and gentlemen, there was no evidence of business failure. That's very important. You see, you can't go outside the evidence. There is no evidence of this business failure. If there was any business failure, you would have heard evidence, you would have heard from the accountants of the defendant's business, his bookmaker, his records, bankruptcy proceedings. Where is that evidence? That's why his business failure makes no sense in this case. If he had a business failure, why didn't he say anything about the Jozefyks, about the Groves and about the Foxes?

MR. MABIE [Defense Counsel]: Your Honor, I move for a mistrial with regard to the comments on the defendant's failure to testify.
* * * * * *
THE COURT: It is clear to the Court that the reference to `he' would indicate the defendant, would it not? You can talk about the business which was in fact by the State's earlier proof that it was the defendant doing business as Spacemaker.
MR. SILBER: I was able to comment on what he said to Miss Gran, that's in evidence. I can comment what he didn't say to the Jozefyks, not whether he took the stand. I didn't say why didn't he take the stand now. What I said was why didn't he say anything to the Jozefyks when he entered into this contract? Counsel brought up the fact about business failure. Counsel opened the door.
THE COURT: Let me rule on his motion. The Court is of the opinion that there was no direct evidence to the defendant. So I will deny the motion. Mr. Mabie will have a chance to rebut this in his final argument. His motion is denied. If I'm wrong, it will be up on appeal. Bring in the Jury.

*421 [Whereupon, at this time the Jury returned to the courtroom and took their respective seats in the jury box.]
MR. SILBER: As I stated before, ladies and gentlemen, there is no evidence of any business failure. You can't go outside the evidence and His Honor will tell you that. (Emphasis added.)
It appears to me that this court's recent decision in Childers v. State, 277 So.2d 594 (Fla. 4th DCA 1973), requires a reversal. Childers dealt with a far more nebulous reference to the defendant's silence. This court, however, observed that if the prosecutorial comment:
"is fairly susceptible of being interpreted by the jury as a statement to the effect that `an innocent man would attempt to explain the circumstances but the defendant offered no such explanation...'"
then the comment thus interpreted or construed violated the prohibition of the rule. What could be a clearer reference to the defendant's silence than the prosecutor's comment: "Why didn't he [referring to the defendant] say anything about... ." There is no need to resort to possible interpretations or constructions of the prosecutorial comment when there is such a direct reference to the defendant's silence.
This is not to suggest any intentional activities or conduct on the part of the prosecuting attorney; intentions and motives are immaterial to the existence or not of fundamental error  most respectfully it exists here.
The petition for rehearing should be granted, the main opinion in this cause should be vacated and the final judgment reversed and remanded for a new trial.