369 So.2d 943 (1979)
Jack DAVID, Petitioner,
v.
STATE of Florida, Respondent.
No. 52394.
Supreme Court of Florida.
March 22, 1979.
Rehearing Denied May 15, 1979.
Richard L. Jorandby, Public Defender, and Craig S. Barnard, Chief Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Marsha G. Madorsky and Joy B. Shearer, Asst. Attys. Gen., West Palm Beach, for respondent.
ADKINS, Justice.
By Petition for Certiorari, we have for review a decision of the Fourth District Court of Appeal. David v. State, 348 So.2d 420 (Fla. 4th DCA 1977), which allegedly conflicts with a prior decision of the District Court of Appeal. Childers v. State, 277 So.2d 594 (Fla. 4th DCA, 1973) on the same point of law. Florida Constitution, Article V, Section 3(b)(3), provides that this court may review by certiorari any decision of a District Court of Appeal that is in direct conflict with a decision of "any District Court of Appeal."
Prior to its amendment in 1972, the Constitution gave this court jurisdiction to review by certiorari any decision of a District Court of Appeal that was in direct conflict with a decision of "another District Court *944 of Appeal." Fla. Const. 1956, Article V, Section 4(2). Under the 1972 amendment the fact that the conflict arises between two decisions of the same District Court of Appeal does not prevent us from taking jurisdiction.
The petitioner, defendant below, was convicted of the crime of grand larceny. In his closing argument the prosecutor made the following remarks:
"Well, ladies and gentlemen, there was no evidence of business failure. That's very important. You see, you can't go outside the evidence. There is no evidence of business failure, you would have heard evidence, you would have heard from the accountants of the defendant's business, his bookmaker, his records, bankruptcy proceedings. Where is that evidence? That's why his business failure makes no sense in this case. If he had a business failure, why didn't he say anything about the Jozefyks, about the Groves and about the Foxes?" (emphasis supplied)
Defense counsel immediately moved for a mistrial. The court denied the motion, being of the opinion that there was no direct reference to the defendant.
A prosecutor's comment on defendant's failure to testify is a serious constitutional violation. See, e.g., Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); cf. Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957).
Any comment which is "fairly susceptible" of being interpreted by the jury as referring to a criminal defendant's failure to testify constitutes reversible error, without resort to the harmless error doctrine. E.g., Trafficante v. State, 92 So.2d 811 (Fla. 1957);
Kolsky v. State, 182 So.2d 305 (Fla. 2d DCA 1966); Milton v. State, 127 So.2d 460 (Fla. 2d DCA 1961); cf. King v. State, 143 So.2d 458, 464-466 (Fla. 1962) (Hobson, J., concurring).
Judge Mager in his dissent (David v. State, supra, at page 421) said:
"It appears to me that this court's recent decision in Childers v. State, 277 So.2d 594 (Fla. 4th DCA 1973), requires a reversal. Childers dealt with a far more nebulous reference to the defendant's silence. This court, however, observed that if the prosecutorial comment:
`is fairly susceptible of being interpreted by the jury as a statement to the effect that "an innocent man would attempt to explain the circumstances but the defendant offered no such explanation ..."'
"then the comment thus interpreted or construed violated the prohibition of the rule. What could be a clearer reference to the defendant's silence than the prosecutor's comment: `Why didn't he [referring to the defendant] say anything about ...' There is no need to resort to possible interpretations or constructions of the prosecutorial comment when there is such a direct reference to the defendant's silence."
This dissenting opinion may be resorted to in determining whether or not a conflict exists. Autrey v. Carroll, 240 So.2d 474 (Fla. 1970); Keller v. Keller, 308 So.2d 106 (Fla. 1974).
We have jurisdiction. The majority decision of the District Court of Appeal is quashed.
It is so ordered.
BOYD, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, C.J., and OVERTON, J., dissent.