513 So.2d 234 (1987)
Daniel Jon HOSPER, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-617.
District Court of Appeal of Florida, Third District.
September 29, 1987.
*235 Mark King Leban, William Aaron, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
Hosper appeals from his conviction of trafficking in cocaine. We find that the prosecution improperly questioned Hosper concerning his exercise of his right to remain silent. Since we cannot say beyond a reasonable doubt that the error was harmless, we reverse.
Several police officers observed Hosper and a companion enter an Amtrak train station and purchase tickets in the name of Maxwell. Hosper was carrying an attache case and a tan bag; his companion carried two other bags. After the officers observed that Hosper and his companion were acting suspiciously, they stopped them and conducted an interview. Upon learning that Hosper had purchased the tickets in a name other than his own, the officers took the two individuals to a baggage room where a police dog sniffed their luggage. The dog alerted to Hosper's tan bag and his companions two bags. Pursuant to a search warrant, the officers found a package wrapped in Christmas paper and a box of Saltines, both of which contained in excess of one kilo of cocaine in total, and twenty grams of marijuana in Hosper's bag. The other bags revealed no contraband. Hosper was charged with possession of marijuana and trafficking in cocaine. After pleading not guilty to both charges Hosper proceeded to trial.[1]
At trial Hosper maintained that his companion had placed the wrapped packages into his bag and that he was unaware that he was in possession of cocaine. In support of his story, he admitted for the first time that he knew about the marijuana in his bag, and offered that as an explanation of his nervous behavior. Caught by surprise, the prosecutor sought to impeach Hosper's exculpatory statement by asking Hosper why he had never before offered it, even though he had been given many opportunities prior to trial. Hosper's counsel objected to this line of questioning, but his motion for mistrial was denied. The jury convicted Hosper of trafficking in cocaine, based upon the circumstantial evidence of his knowledge of the cocaine's presence, and of possession of marijuana. Hosper appeals his conviction of trafficking in cocaine.
Hosper admitted his guilt as to the marijuana charge at trial in order to explain why he appeared to be nervous at the train station. The prosecution sought to attack Hosper's credibility by questioning him as to why he had never admitted his guilt of this crime previously. The prosecution is not permitted to comment upon a defendant's failure to offer an exculpatory statement prior to trial, since this would amount to a comment upon the defendant's right to remain silent. Molina v. State, 447 So.2d 253, 256 (Fla. 3d DCA 1983) (Pearson, J., and Schwartz, C.J., concurring), review denied, 447 So.2d 888 (Fla. 1984); Lee v. State, 422 So.2d 928 (Fla. 3d DCA 1982), review denied, 431 So.2d 989 (Fla. 1983); Weiss v. State, 341 So.2d 528 (Fla. 3d DCA 1977). The line of questioning used by the prosecution in this case was fairly susceptible of being interpreted by the jury as a comment upon the fact that Hosper failed to offer an exculpatory statement prior to trial. Cf. State v. Kinchen, 490 So.2d 21 (Fla. 1985) (test to determine whether prosecution's remarks amount to comment upon defendant's right to remain silent is whether remark is fairly susceptible of such an interpretation by the jury); David v. State, 369 So.2d 943 (Fla. 1979). Had the jury believed this exculpatory *236 statement, it might have found the remaining evidence consistent with his hypothesis of innocence. Because we cannot say beyond a reasonable doubt that the improper comment had no effect upon the outcome of the trial, the error was not harmless. Cf. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986) (comment upon defendant's silence subject to the harmless error rule as enunciated in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Accordingly, the conviction under review is
Reversed and this case is remanded for a new trial.[2]
SCHWARTZ, C.J., and HENDRY and NESBITT, JJ., concur.
SCHWARTZ, Chief Judge, (specially concurring).
Testifying in his own defense at his trial for cocaine trafficking and misdemeanor possession of marijuana, Hosper sought to explain his frenetic conduct at the time of the arrest and thus help to exculpate himself from the much more serious cocaine charge by stating that he was indeed concerned about a potential police stop  not because of the cocaine, as to which he said he was not aware, but rather on account of the cannabis he knew he was carrying; he thus admitted guilt of an offense, possession of marijuana, which he had previously denied and for which he was then being tried. In an attempt to counter this stratagem, the prosecution asked the following questions on cross-examination:
Q. Now, you are admitting at this time that you are guilty of possessing marijuana?
A. Yes.
Q. This case has been pending for three years; is that also correct?
A. Yes.
Q. This is the first time that you have ever admitted that you were guilty of possessing marijuana?

A. Yes.
Q. And you have had number of opportunities at the inception of this case to say that you were, in fact, possessing marijuana?

MR. AARON: Objection.
THE COURT: Sustained. [e.s.]
I agree that the trial court erroneously denied the timely motion for mistrial which followed.
To the extent that the "opportunities" to admit guilt are those which were presented at the time of arrest, the fact that the defendant did not then do so is an obviously forbidden comment upon his Fifth Amendment right to silence. See David v. State, 369 So.2d 943 (Fla. 1979); Lee v. State, 422 So.2d 928 (Fla. 3d DCA 1982), pet. for review denied, 431 So.2d 989 (Fla. 1983).
Insofar as the reference is to Hosper's prior plea of not guilty and his insistence on standing trial on the marijuana count  which was apparently the real thrust of the state attorney's examination and which presents the more difficult question  I believe that, although for a different reason, the question is likewise improper. The underlying evidentiary basis for any inquiry as to prior words or silence of the defendant is that they represent either implied admissions or prior statements inconsistent with those made on the witness stand. But a not guilty plea and its sequelae do not represent an expression that the defendant factually did not commit the offense in question. A plea is simply a procedural means by which the defendant requires the government to prove him guilty at the subsequent trial; if the prosecution does not do so, the defendant will be acquitted whether he committed the offense or not. As was said by Justice Rutledge in Wood v. United States, 128 F.2d 265, 273 (D.C. Cir.1942):
The plea on arraignment has its proper function. It is necessary to inform the court how to proceed with the trial. Hence the court has unquestioned power to compel the defendant to plead. But the plea is not evidence. Nor is it testimonial. It is not under oath. Nor is it subject to cross-examination. When it is "not guilty," it has no effect as testimony or as evidence in behalf of the accused. If he wishes his denial to be effective as evidence, he must make it as such from the witness stand. The function of that plea is to put the Government to its proof and to preserve the right to defend. It does not go to prove that the defendant is innocent. [e.s.]
*237 Wiley v. Sowders, 647 F.2d 642, 650 (6th Cir.1981), cert. denied, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981); Byrd v. United States, 342 F.2d 939, 941 (D.C. Cir.1965); see State v. Valentina, 71 N.J.L. 552, 60 A. 177 (1905) (no inconsistency between confession and plea of not guilty). Thus, the defendant's not guilty plea and his demand for trial on the marijuana charge do not constitute a prior "admission" that he did not commit the offense and are not inconsistent with his statements on the stand that he was in possession of cannabis (and was worried about it) at the critical time.
For these reasons, I concur in reversal.
NESBITT, J., concurs.
NOTES
[1] Hosper admitted his guilt of possession of marijuana at trial and does not challenge that conviction in this appeal.
[2] Our reversal on the basis of the prosecutor's improper comment obviates our need to review Hosper's second point on appeal.