CONFESSION OF ERROR
PER CURIAM.
The State properly concedes that the trial court erred in admitting into evidence testimony by the arresting officers regarding the respondent’s post-arrest silence. This testimony was irrelevant and highly prejudicial. See United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) (post-arrest silence is too ambiguous to be probative of anything because it is susceptible of several explanations other than the arrestee’s consciousness of guilt). In addition, this testimony constituted an impermissible comment on the respondent’s right to remain silent, in violation of her privilege against self-incrimination. See Hosper v. State, 513 So.2d 234 (Fla. 3d DCA 1987); Simpson v. State, 418 So.2d 984 (Fla.1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983).
Since the State acknowledges that it is unable to establish beyond a reasonable doubt that the error did not influence the adjudication and the record reveals that the trial court expressly relied upon the respondent’s post-arrest silence in disregarding the respondent’s evidence that she acted in self-defense and in determining that the respondent was a delinquent, the respondent is entitled to a new trial. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Reversed and remanded.
GERSTEN and GODERICH, JJ., concur.