183 So.2d 607 (1966)
James Edward FLAHERTY, Appellant,
v.
STATE of Florida, Appellee.
No. 246.
District Court of Appeal of Florida. Fourth District.
March 1, 1966.
Steadman S. Stahl, Jr., of Houston, Easthope & Stahl, Ft. Lauderdale, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Arden M. Siegendorf, Asst Atty. Gen., Miami, for appellee.
KANNER, A.O., Associate Judge (Ret.).
With a new trial as his objective, defendant-appellant, James Edward Flaherty, appeals from judgment and sentence of the trial court under which he was found guilty of breaking and entering a building with intent *608 to commit grand larceny and was sentenced to ten years in the state prison. Through his single appeal point, he urges that certain comments of the prosecutor in his final argument to the jury were in violation of the following pertinent portion of section 918.09, Florida Statutes, F.S.A., and were an invasion of his right under it to be secure from comment by the prosecutor upon his failure to take the witness chair and testify:
"* * * but no accused person shall be compelled to give testimony against himself, nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf, * * *."
There was no testimony by defendant nor on his behalf. The only evidence offered by the state to identify and connect defendant with commission of the offense of which he was convicted was constituted within two fingerprints discovered on a large spoon found by the police at Broward Drug Store No. 502, which had been the subject of the breaking and entering and from which narcotics and money in the value of more than $100 were alleged to have been taken. A police officer, laboratory technician of the detective division, testified that these prints were identical to certain ones on a fingerprint card of the defendant which the police had taken incident upon his arrest, subsequent to the breaking and entering, for his failure to register as a convicted felon.
Two comments made by the prosecuting attorney in his final argument to the jury are here protested. The first germinated from the prosecutor's remark to the jury to the effect that the requirement of proof of the state was to show defendant's intent, when he entered the store, to take property of more than $100 value, the prosecutor saying also, "Of course, the fact that he did take it is proof of that intent, isn't it?" continuing that it was known something of more than $100 value was taken and that there must have been an intent to take it. The first comment complained of then followed,
"There is nothing to rebut this evidence * * *," whereupon defendant's counsel moved for a mistrial, which the court denied.
Prefatory to the second comment, the prosecutor dealt at length with the fingerprint evidence, telling the jury, "We place the defendant in the Broward Drug Store, No. 502, by virtue of his fingerprints being found on a spoon inside. This is the only way we can place him in there." He climaxed and concluded his final argument to the jury in the words of the second comment,
"Mr. Stahl hasn't argued that possibly he was in there some time during the day and he got his fingerprints on the spoon when he was eating some soup or in some other way, which is a possible out to this thing."
As to that comment, counsel for defendant interposed no objection.
Upon the court's announcing to the jury that it might retire to consider its verdict, defendant's counsel stated he had a motion. He then renewed the motion for mistrial directed to the first comment and in addition moved for mistrial with reference to the receiving into evidence of the fingerprint card. Out of the ensuing colloquy came the following statement by the court to the prosecutor:
"* * * I do think you got pretty close when you started talking about the fingerprints on that spoon and said nothing showed he could have put them on there earlier that day. The only way that could have been done was the defendant saying he had been there earlier that day. * * * I think perhaps you were pretty close to the line. Let's wait until the verdict comes back."
*609 The verdict was as we have stated; the court did not declare a mistrial and later denied motion for a new trial.
A comment made by a prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has been strictly regarded as an impingement on the substantial right of the defendant secured by section 918.09, Florida Statutes, F.S.A. This is so, regardless of the character of the comment, the motive or intent of the prosecutor or whether or not it was innocently or inadvertently spoken, and notwithstanding that the comment is susceptible of a different construction. Trafficante v. State, Fla. 1957, 92 So.2d 811; Way v. State, Fla. 1953, 67 So.2d 321; Gordon v. State, Fla. 1958, 104 So.2d 524; Rowe v. State, 1924, 87 Fla. 17, 98 So. 613; Simmons v. State, 1939, 139 Fla. 645, 190 So. 756; McLendon v. State, Fla.App. 1958, 105 So.2d 513; Milton v. State, Fla.App. 1961, 127 So.2d 460; and Singleton v. State, Fla.App., February 4, 1966, Second District, 183 So.2d 245.
The effect of utterance by the prosecutor of the two remarks here concerned, considered together in the contextual setting of his final argument, was to tell the jury, as to two crucial aspects of the case against defendant, (1) that there had been nothing to rebut the evidence adduced by the state under its requirement of proof to show intent of the defendant to take something in the value of $100 or more and (2) that defense counsel had not come forward with an explanation that possibly defendant was at the scene during the day and got his fingerprints on the spoon in some way which was a possible "out". The prosecutor had stated prior to making the first comment that the defendant's intent to take something of a value of $100 or more was required by the state to be shown under its requisite of proof. As prelude to the second comment, he had characterized the fingerprints on the spoon as the only way they could place defendant at the scene; and, as we have indicated, the fingerprint evidence was all the state had to identify defendant and connect him with the offense of which he was convicted. Too, there is the statement of the trial court with respect to the second comment that the only way it could be shown that the defendant put his fingerprints there earlier that day would be for the defendant to say he had been there earlier that day.
The two remarks infected the trial with error. This is the result which accrues when a prosecuting attorney violates the rule that he shall not comment directly or indirectly on the failure of an accused to testify, even though at the time no exception is taken and despite the fact that the trial judge might immediately admonish the prosecutor for the violation. Nor can the harmless error statute be invoked. Gordon v. State, supra, and McLendon v. State, supra. Even though the remarks were inadvertently and innocently spoken by the prosecutor, or even though the comments could be subject to another interpretation, yet we cannot say that they were not susceptible of a construction by the jury that the defendant had failed to testify, leaving in their minds an awareness, stirred by the remarks, that this was so. We must conclude, under the interdictory statutory provision, that defendant's guaranteed right has been transgressed, requiring that we reverse the judgment and sentence and remand the cause for new trial.
Reversed and remanded.
SMITH, C.J., and WALDEN, J., concur.