CARROLL, Judge.
The appellants, Thomas A. Jones and Doreen Singletary, filed this appeal from conviction for robbery. Appellants contend the evidence was insufficient to prove the charge and that reversible error resulted from a comment made by the prosecutor.
In contending for insufficiency of the evidence, the appellants insist they were not shown to have been participants in the robbery, which took place in a jewelry store around noon on a certain date. A third person, who was armed with a shotgun and a pistol, was killed by police shortly after leaving the store with a hostage. The defendants were arrested on departing from the store, by a police officer who arrived in response to a silent alarm signal. On consideration of the record and briefs we hold that the evidence was sufficient upon which the trier of the facts could find, contrary to the contention of the appellant-defendants, that they were participants in the crime along with the above mentioned third party. Since the cause is being reversed on another ground, for a new trial, we will omit a statement of the evidence in more detail.
The comment of the prosecutor which is claimed by the appellants to have constituted reversible error, met with an objection by the defendants at trial, and a motion there for mistrial. The comment was: “There is not one word from the stand that says they did not participate in this crime.” In order that it may be seen and read in context, a portion of the prosecutor’s argument which preceded the challenged comment was as follows:
* * * * * *
“Is that an involuntary participation in a robbery? I do not think so. I think one of the most important parts, of course, is the fact that Miss Sokol testified to you that somebody held what she believed was a gun, in her back, and placed her in the back room, while the third robber was previously occupied. That meant that Mr. Jones did it. That is not an involuntary participation in a robbery.
“Let us look once more into the' force of the robbery, whether these people were forced into this because nobody denies that they were in it. Their attorneys admit to you that they were in it, so there is no denial. There is not one word from the stand that says they did not participate in this crime.” [Italics supplied]
* * * * * *
The appellants argue that the prosecutor’s statement amounted to a comment on their failure to take the stand and testify on their own behalf. The state argues that the comment should be regarded as having had reference only to testimony of the witnesses who testified. We hold the appellants’ argument has merit.
*281 Commenting on § 918.09 Fla.Stat., F.S. A., in which it is provided that a prosecutor is not “permitted before the jury or court to comment on the failure of the accused to testify in his own behalf”, the Supreme Court, in Trafficante v. State, Fla. 1957, 92 So.2d 811, 814, said:
“In summary, our law prohibits any comment to be made, directly or indirectly, upon the failure of the defendant to testify. This is true without regard to the character of the comment, or the motive or intent with which it is made, if such comment is subject to an interpretation which would bring it within the statutory prohibition and regardless of its susceptibility to a different construction. * * *”
* * * * * *
Also in Trafficante the Court said: “This statute has been on the books for many years, and this court is firmly committed to the rule that a violation of it cannot be cured by our harmless error statute.”
Comment by a prosecutor, substantially similar to that which is involved in the instant case, was held to be in derogation of the statute, and to require reversal for a new trial in Flaherty v. State, Fla.App.1966, 183 So.2d 607. There the court said:
s|» H- -fc
“A comment made by a prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has been strictly regarded as an impingement on the substantial right of the defendant secured by section 918.09, Florida Statutes, F.S.A. This is so, regardless of the character of the comment, the motive or intent of the prosecutor or whether or not it was innocently or inadvertently spoken, and notwithstanding that the comment is susceptible of a different construction. * * * ”
H» H* ^ ^
In the present case, while the comment of the prosecutor may have been susceptible of differing constructions, it well could have been regarded by the jury as having reference to failure of the defendants to take the stand and deny their participation in the crime when faced with the state’s evidence indicating their participation. As such, the comment constituted a violation of § 918.09 Fla.Stat., F.S.A.
For that reason the judgment of conviction of the appellants is reversed, and the cause is remanded to the trial court for a new trial.