### BENEHALEY et al v. STATE.
Nos. 8103 through 8113.
Circuit Court, Dade County, Criminal Appeal.

April 28, 1976.

Delford P. Richey, Deerfield Beach, for the appellants.

Richard E. Gerstein, State Attorney, George Volsky, Assistant State Attorney for the appellee.

ALAN R. SCHWARTZ, Circuit Judge.

The eleven appellants in these consolidated cases were found guilty by a jury of conspiracy to commit a misdemeanor, deceptive trade practices and conspiracy to indulge in misleading advertising in the metropolitan court, Dade County.

The defendants were Shell Oil Company drivers who were essentially accused of conspiracy with the principal witness against them, one Manuel Vidueira, who was the operator of a Shell Oil gasoline station, to "dump" regular gasoline into high test gas tanks at Vidueira's station. Vidueira testified that the defendants did this in return for payments made by him to them. By the very nature of the alleged transactions, the only witnesses who could directly disprove or contradict Vidueira's testimony against the defendants were the defendants themselves. The defendants elected not to take the stand in their own defense.

During final argument of the assistant state attorney prosecuting the case, the following occurred —

MR. NAZZARO (prosecutor): Thank you very much, Your Honor.

All the defense counselor here is trying to do is create some smoke screens and try to create some possibilities that may possibly have occurred.

Anything is possible in this world, but *did they produce any factual evidence to the contrary?*

*Did anyone contradict positively Mr. Vidueira?* Mr. Vidueira presented $10 to each and every one of these defendants on certain deliveries. . . .

MR. RICHEY (defense counsel): Your Honor, I am going to object.

THE COURT: One moment.

MR. RICHEY: I don't think it should be heard in the presence of the jury, Your Honor.

(Discussion at side Bar.)

MR. RICHEY: Your Honor, this is a matter that is contrary and tantamount to a comment on the defendants' failure to take the stand. The cases so hold it.

THE COURT: I don't agree. It covers a wide latitude and it is not directed at any specific aspect of the case. (Tr. 633-4)

(Emphasis supplied)

The determinative issue on these appeals concerns the propriety of these remarks of the prosecutor and the correctness of the trial court's overruling of defense counsel's objections to them. Particularly in the light of the circumstances of this case, this court must conclude that the remarks of the prosecutor amounted — in what was really a very direct manner — to a constitutionally impermissible reference to the failure of the defendants to take the witness stand in their own behalf. It is well settled that statements such as these, which refer to a lack of contradiction of the evidence presented by the state, involve just such a comment. E.g., Trafficante v. State, Fla. 1957, 92 So.2d 811, 814; Flaherty v. State, Fla. App. 4th 1966, 183 So.2d, 607; Jones v. State, Fla. App. 3rd, 1972, 260 So.2d 279.

The state contends that the comments in question amount to a mere response to the argument of defense counsel. The record does not support this contention. In any event, especially in view of our Supreme Court's continuing and recently reiterated emphasis, see Bennett v. State, Fla. 1975, 316 So.2d 41, upon the fundamental character of the rule precluding *any* reference during trial to a defendant's reliance upon his Fifth Amendment rights, the court is required to hold that the remarks in question, and the trial judge's ruling below concerning them, were prejudicially erroneous.

It is accordingly ordered that the judgments below entered in metropolitan court case numbers C 102 121 thru 123; C 102 104 thru 106; C 101 968 thru 970; C 102 070 thru 072; C 101 951 thru 953; C 101 934 thru 936; C 102 172 thru 174; C 102 036 thru 038; C 102 019 thru 021; C 102 138 thru 140; and C 103 053 thru 055, are reversed and the cases remanded to the county court in and for Dade County for further proceedings not inconsistent herewith.