BARKDULL, Judge.
The appellants brought a negligence action [1] to recover for damages sustained by the minor plaintiff while she was working as a “candy striper” at Mount Sinai Hospital where she sustained injuries because of a failure of an elevator car or cage to level with the floor. Error is urged in the trial court’s limiting plaintiffs opening statement to five miniates and the failure to permit certain cross-examination, the directing of a verdict in favor of Mount Sinai on an independent claim for active negligence and lastly, refusal to give an instruction on an unexplained lost or misplaced document.
We reverse and find an. abuse of discretion in the trial court limiting opening argument to five minutes on the plaintiffs part, upon the authority of Maleh v. Florida East Coast Properties, Inc., 491 So.2d 290 (Fla. 3d DCA 1986),[2] particularly in light of the fact that twice as much time for opening was given to the defendants who had different theories of defense.
Because the matter will have to be retried we comment as follows on the other three points urged for reversal. We find no abuse of discretion in limiting the cross examination. What counsel sought to elicit was merely cumulative to other evidence already in the record. We find no error in the directed verdict on the independent cause of action because no proof of same was offered and the matter was submitted to the jury on the theory of vicarious liability on the part of the hospital. We likewise find no error in the denial of the requested instruction. The facts that would have been disclosed by the lost documents were already in,evidence and the plaintiffs counsel was permitted, at the time of closing argument, to disclose the failure of the hospital to produce the records.
Therefore, for the reasons above stated, the final judgment on the jury’s verdict is reversed and the matter is returned to the trial court for the purpose of a new trial.
Reversed.

. Mount Sinai owned the hospital. Schindler Elevator Corporation was under contract which required it to maintain and repair the elevators in the hospital.

. We note that this case was decided subsequent to the trial in this cause.