PER CURIAM.
Rejecting the appellant’s primary points on appeal, we find that (a) in the circumstances of this case, in which there was no impermissible restriction on final argument as there was in Maleh v. Florida East Coast Properties, Inc., 491 So.2d 290 (Fla. 3d DCA 1986), and no showing of identifiable harm, the trial court did not reversibly err in the exercise of the broad discretion it possesses in conducting the trial, see 55 Fla.Jur.2d Trial § 15 (1984), by limiting the length of both counsels’ opening statements, cf. also, Bullock v. Mount Sinai Hospital of Greater Miami, Inc., 501 So.2d 738 (Fla. 3d DCA 1987); and (b) conflicting evidence as to whether the plaintiff-putative insured had an insurable interest in the property in question was properly submitted to the jury for resolution. The other issues raised are either mooted by these rulings, without merit, or both.
Affirmed.