952 So.2d 1238 (2007)
Jose FIGUEROA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-1043.
District Court of Appeal of Florida, Third District.
April 4, 2007.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Jose Figueroa, who was convicted of attempted carjacking, claims that the trial court committed reversible error in limiting defense counsel's individual voir dire of the jury panel. After reviewing the relevant portions of the transcript on appeal, we conclude that the trial court did not abuse its discretion in exercising its control over the voir dire examination, as its control was reasonable under the circumstances. See Franqui v. State, 699 So.2d 1312, 1322 (Fla.1997); Zamora v. State, 361 So.2d 776, 780 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 472 (Fla.1979)(holding that trial court's discretion in controlling scope of voir dire questioning will not be disturbed on appeal unless that discretion is clearly abused).
*1239 We, however, caution the trial judge that precluding defense counsel from individually questioning prospective jurors on critical issues may result in reversal.
Voir dire is the first opportunity the attorneys have to establish personal contact with prospective jurors and the only occasion they have to enter into a dialogue with jurors. Prospective jurors do not respond in the same manner to inquiry by a judge as they do to questions by counsel, particularly when the trial court asks the jurors to volunteer a response to collective examinations.
Miller v. State, 785 So.2d 662, 663 (Fla. 3d DCA 2001). While the trial court certainly has the discretion to limit repetitive and argumentative voir dire, to prohibit counsel from asking improper questions or questions that illicit answers on legal issues the jurors have not been instructed on, and to preclude attorneys from pre-trying their cases or in obtaining a commitment on ultimate issues to be decided after hearing all of the evidence, a trial judge must allow counsel to ascertain latent or concealed prejudgments by prospective jurors.
The defendant additionally asserts that he is entitled to a new trial based on the trial court's denial of his motion to redact a portion of his pre-trial statement, and its introduction by the State at trial. We decline to address the propriety of the trial court's evidentiary ruling as we conclude that the introduction of the objected-to portion of the defendant's statement, if error, was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
Affirmed.