DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**GARRY AUGUSTUS SHEPPARD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D12-4574

[July 23, 2014]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward H. Fine, Judge; L.T. Case No. 2012CF004588AMB.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Nancy Jack, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant raises two issues in his appeal of his conviction for burglary and petit theft. Because we find that neither claim has merit, we affirm.

First, appellant claims the prosecutor improperly commented during her closing statement on his right to remain silent, when she directed jurors to use their common sense and rhetorically asked, "How else is his palm print and his thumbprint going to end up in [the victims'] house?" We find no merit in this claim, as identical comments were held not to be a comment on silence in *Smith v. State*, 378 So. 2d 313, 313-14 (Fla. 5th DCA 1980). We find the prosecutors' comments in *Flaherty v. State*, 183 So. 2d 607, 608-09 (Fla. 4th DCA 1966), and *Cunningham v. State*, 404 So. 2d 759, 759 (Fla. 3d DCA 1981), distinguishable because in those cases the prosecutors more specifically highlighted the defendants' failures to provide explanations for the fingerprints and more directly referenced the defendants' failures to testify.

Second, appellant claims the trial court improperly limited his voir dire of prospective jurors. We conclude the court did not abuse its discretion by preventing appellant's counsel from posing questions that the court concluded were misstatements of the law or improper attempts to obtain pre-commitments from the jurors. *See Figueroa v. State*, 952 So. 2d 1238, 1239 (Fla. 3d DCA 2007) ("[T]he trial court certainly has the discretion to . . . prohibit counsel from asking improper questions . . . and to preclude attorneys from pre-trying their cases or in obtaining a commitment on ultimate issues . . . ."). This did not affect appellant's right to impanel an impartial jury or constitute an abuse of discretion. *See generally Salazar v. State*, 991 So. 2d 364, 372 (Fla. 2008) (discretion is abused only where no reasonable person would take the view adopted by the trial court or the decision was arbitrary, fanciful, or unreasonable).

DAMOORGIAN, C.J., WARNER and MAY, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2