# Third District Court of Appeal

## State of Florida

Opinion filed May 14, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-2013
Lower Tribunal No. F19-13643

————————————

**Nathaniel Brown,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before EMAS, SCALES, and GOODEN, JJ.

PER CURIAM.

Affirmed. See Figueroa v. State, 952 So. 2d 1238, 1239 (Fla. 3d DCA 2007) (explaining trial court has discretion during voir dire to preclude attorneys from pre-trying their case or obtaining a commitment on the ultimate issues); R.V. v. State, 388 So. 3d 952, 955 (Fla. 3d DCA 2024) (describing admissions of photos under the silent witness theory "upon a showing of the reliability of the production process"); Kopp v. State, 314 So. 3d 451, 453 (Fla. 3d DCA 2020) ("We therefore find the trial court did not abuse its discretion in admitting Reyes's testimony to support the State's other evidence on the issue of identity."); Collier v. State, 701 So. 2d 1197, 1198 (Fla. 3d DCA 1997) (finding information not offered for truth of the matter where "the contents of the BOLO elicited by the state below merely contained a description of a particular car and contained no accusatory information whatsoever"); Bullock v. Mount Sinai Hosp. of Greater Miami, Inc., 501 So. 2d 738, 739 (Fla. 3d DCA 1987) ("We find no abuse of discretion in limiting the cross examination. What counsel sought to elicit was merely cumulative to other evidence already in the record."); Concepcion v. State, 188 So. 3d 5, 9 (Fla. 3d DCA 2016) ("The defendant claims that the State's closing argument, which was in response to the defense's closing argument, denigrated the defense. The record, however, demonstrates that the State's arguments were responsive, and were directed to the evidence, and were

2

not personal attacks of defense counsel or improper denigration of the defendant's theory of defense."); Williams v. Florida, 399 U.S. 78, 103 (1970) (upholding Florida's use of a six-person jury in non-capital cases).